### THE STATE v. BRIEN & SMITH.

1. A co-defendant in a joint indictment, who has pleaded not guilty, can be called as a witness for the state on the separate trial of his companion in guilt.
2. Under the same circumstances, he could be put upon the stand at the call of his companion, the defendant.

This case was certified from the Oyer and Terminer of the county of Camden.

The defendants were jointly indicted for conspiracy. Smith pleaded not guilty, and was put on his trial, and Brien, who had not pleaded, was offered by the state as a witness against him. The court admitted the witness, and the legality of such admission was argued before this court at bar, by—

*R. S. Jenkins,* for the state.

*A. Browning,* contra.

The opinion of the court was delivered by

BEASLEY, C. J. The American courts are not agreed with regard to the question now before us. The leading case in favor of the exclusion of a co-defendant in an indictment as a witness for one of his fellows, who has a separate trial, is that of *The People* v. *Bill,* 10 *Johns.* 95. It is there said that "it appears to be a technical rule of evidence, and one well settled, that a party in the same suit or indictment cannot be a witness for his co-defendant until he has been first acquitted, or, at least, convicted." And the court further declares that whether the defendant be tried jointly or separately does not vary the rule. This doctrine, so far as it relates to defendants jointly tried, is, of course, indisputable, but its extension beyond that point I do not

think sustained by any decision which we are bound to receive as a common law guide. Lord Ellenborough, in *Rex* v. *Lafone*, 5 *Esp.* 155, rejected a co-defendant as a witness on a joint indictment for a misdemeanor, although he had let judgment go by default. But this ruling is now universally admitted to be erroneous. In truth, I think it may be said to be incontestable that the English decisions do not warrant the assertion contained in the case of *The People* v. *Bill*, that the principle which would exclude the witness in the present instance is a settled rule of law. The oldest allusion to the subject which I find in the books, is in the case of *The King* v. *Desmond, Noy's R.* 154, in which it is said "that if there be divers defendants, and one of them does not accuse himself, but accuses his companion, another defendant, he shall not be received as a competent testimony to condemn his companion, but if he had accused himself, then he should have been received as a competent testimony to condemn his companion." It does not appear whether the trial to which this extract relates, was joint or several, and in view of this fact, and of the unreliable character of the book from which it is taken, the precedent is not entitled to much attention. Taking it for what it is worth, it is opposed to the idea that, in no case, can a defendant, being a party to the record, be received as a witness prior to his conviction or acquittal. Another case, also imperfectly reported, but having a similar tendency, is that of *Rex* v. *Davis*, 3 *Keb.* 136. This was an indictment for murder against the witness and thirteen others, and, in the words of the report, "he was admitted as a good witness, notwithstanding the bill of murder found against him by the coroner or the grand jury, there being nothing in proof against him of the fact upon the evidence, nor that he assisted." In this case, if we receive the report as authentic and complete, it is evident the witness was received before he had been discharged as a party. In like manner, in a brief report of the case of *The King* v. *Bedder and others, Sid.* 237, we are told that the information being against several, one of

the defendants was admitted as a witness for his co-defend-ants, because there was no evidence against him, the note of the case seemingly indicating that there was no verdict taken in favor of the witness before his examination.

I also find, as late as the year 1840, this same point was presented, as a matter of some doubt, to Mr. Justice Erskine, sitting at the sessions, and that, after consultation of the authorities, he decided to admit one of several defendants, who was called for the king, against another defendant being severally tried, stating that he would reserve the question for the opinion of the judges. *Reg.* v. *Lyons,* 9 *C. & P.* 555. And in the year following, in *Reg.* v. *George et al.,* 1 *C. & Marsh.* 66, a defendant who had pleaded guilty, was admitted before sentence passed upon him, to be sworn for his companion in the indictment. To the extent of my observation, these are all the instances in which this subject has been touched by the English courts, and it is, therefore, obvious, if the research which I have made can be relied on, that the decided current in practice has been to establish a rule, the reverse of that which is now insisted on in behalf of the defendant. It is certainly in this sense that the law has been interpreted by the various text writers. Lord Hale twice refers to the case above cited from Noy's reports, and appears to have entertained no doubt that the witness, under the circumstances stated, was competent; and, in another place, considering the subject of the admissibility of accomplices, says, in laying down the usual practice: "The party that is the witness is never indicted, because that doth much weaken and disparage his testimony, but possibly not wholly take away his testimony." Mr. Starkie *(vol. II., p.* 11,) thus defines the doctrine: "An accomplice, as it seems, is a competent witness, and may be examined, if he be will-ing, although he is indicted along with others, provided he be not put upon his trial at the same time with the others, for an indictment against (more than one is) several as to each." A similar view of the law will be found to be ex-

pressed in the following treatises: 4 *Haw. P. C.* 435 ; 2 *Russ.* 957 ; *Roscoe's Cr. Ev.* 141.

Such appears to be the state of the authorities. Legal authors, of the highest estimation, maintain that the witness, under the conditions in question, is admissible, and the judicial determination of the courts at Westminster lend considerable countenance to the assumption. With regard to the cases in this country which are adverse, I do not think they rest on any other ground than this erroneous supposition, that this doctrine exists in the common law as an inveterate usage. I have already endeavored to show that such supposition is a mistake. In this situation it is competent for this court to settle the practice in this particular, according to its own views of what is right and expedient.

Testing the question, then, by the standard of reason, I think the witness was properly received. I can perceive no propriety in the exclusion of a co-defendant in a joint indictment on the separate trial of his companion, and his admission, which is of undoubted legality, if he and his co-defendant are indicted separately, because when criminals, though indicted together, are tried apart from each other, they are as much disconnected, in point of fact, as if the indictment were several. Under such circumstances, the testimony which the witness delivers cannot, in any sense, affect him in the remotest degree. The judgment of conviction or acquittal of the party on trial cannot be received in evidence when his own case comes to a head, either for or against him. Such judgment cannot, in any respect, affect his own interests, or prejudice his rights. The only reason for the rejection of such a witness is, that his own accusation of crime is written on the same piece of paper, instead of on a different piece, with the charge against the culprit whose trial is in progress. It is obvious such a rule could only stand, in any system of rational law, on the basis of uniform precedent and ancient usage. I have discovered no such basis, and my conclusion, therefore, is, that the witness, in

the present instance, was properly sworn, and that, similarly situated, he could have been called by the defendant.

Justices VREDENBURGH, WOODHULL, and DEPUE concurred.