STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ROY PITMAN, PLAINTIFF IN ERROR.

Submitted March 22, 1923—Decided July 17, 1923.

1. The indictment charged that the defendant "in and upon one C. P., a youth about the age of eleven years, then and there being, feloniously did make an assault and then and there feloniously, wickedly, diabolically and against the order of nature had a venereal affair with and carnally knew the said C. P., and then and there feloniously, wickedly, diabolically and against the order of nature with the said C. P., did commit and perpetrate the detestable and abominable crime of buggery," &c. *Held,* that the indictment charged sodomy with a boy, an offence against the law of New Jersey, and was sufficient and unobjectionable.

2. A request to charge which is inappropriate to any question of fact involved in the case is properly denied.

3. The ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole.

4. On the trial of an indictment for sodomy evidence of the condition of the rectum of the complaining witness three days after the assault was admissible, the remoteness of the examination from the time of the offence merely affecting its probative force. Evidence of the condition of the rectum four months after the offence was admissible to enable the jury to determine whether the condition of "redness, irritation and dilation" three days after the offence was abnormal and significant.

5. In order to authorize proof of an inconsistent statement by the witness for the purpose of affecting his credibility, a foundation must be first laid by directing his attention to such alleged statement, and inquiring whether he made it.

6. In a criminal case evidence of a statement made by a witness before trial, if offered as an admission claimed to be binding on the state, is incompetent, for the state is not bound by admissions made before trial by a witness called by it, even if that witness be the complaining witness.

7. The fact that the trial judge gave a wrong reason for excluding testimony is immaterial if the testimony was properly excluded for any reason.

On writ of error to the Essex County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Braelow & Tepper.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff in error was convicted of sodomy committed upon an eleven-year-old boy June 11th, 1922.

The indictment charged that the defendant "in and upon one C. P., a youth about the age of eleven years, then and there being, feloniously did make an assault and then and there feloniously, wickedly, diabolically and against the order of nature had a venereal affair with and carnally knew the said C. P., and then and there feloniously, wickedly, diabolically and against the order of nature with the said C. P., did commit and perpetrate the detestable and abominable crime of buggery," &c.

The plaintiff in error maintains that the indictment does not charge an offence against the law of New Jersey. We think that it does. It charges the offence of sodomy committed with a boy. Section 44 of our Crimes act (*Comp. Stat., p.* 1759) declares that "sodomy, or the infamous crime against nature, committed with man or beast, shall be high misdemeanor." In the absence of a further statutory definition, we must look to the common law for the elements of the crime and the sufficiency of the indictment. An examination thereof discloses that this indictment is in the form which has come down to us from ancient times and is sufficient and unobjectionable. See *Bish. Direc. & Forms,* § 963; 3 *Bish. New Cr. Pro.,* § 1013; *Arch. Cr. Pro.* (*8th Ed.*) 1015; 2 *Chit. Cr. L.* 48.

It is further contended that the trial judge erred in refusing to charge various requests all embodying the proposition that the defendant could not be convicted unless the jury found that he had "carnal knowledge of some animal other than a human being."

These requests seem to have been predicated upon the notion that the effect of the mere use of the word "buggery" in the indictment was to charge sodomy with an animal other than a human being. But that is not so. The indictment contained no such charge, and, moreover, there was no testimony, or color of testimony, of that offence. The requests were therefore properly refused because they were inappropriate to any question of fact involved in the case.

The defendant below further maintains that the judge in his charge conveyed to the jury an erroneous impression of the defendant's contention at the trial. But that is not so. The ultimate test of the soundness of instructions is not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole. *Kargman* v. *Carlo*, 85 *N. J. L.* 632. Applying that test the instruction in question was clearly unobjectionable.

It is further contended that the trial judge erred in permitting a physician, called by the state, to testify as to the condition of the rectum of the complaining witness after the assault.

We think that such action was not erroneous. The evidence of the condition of the rectum three days after the assault was admissible, the remoteness of the examination from the time of the offence merely affecting its probative force. The evidence of the condition of the rectum four months after the offence was admissible to enable the jury to determine whether the condition of "redness, irritation and dilation" three days after the assault was abnormal and significant.

It is next argued that the trial judge erred in excluding the testimony of one Donegan, the purpose of which was to show that the complaining witness made a statement before trial contradictory of the testimony given by him at the trial.

If thereby it was intended to affect the credibility of the witness, it could only be made admissible by first laying a foundation therefor by asking the complaining witness

whether he had not made such contradictory statement. *State* v. *Lodico,* 88 *N. J. L.* 394. That was not done.

If it was offered as an admission by the complaining witness claimed to be binding on the state, it was incompetent, because the state is not bound by admissions made before trial by a witness called by it, even if that witness be the complaining witness. *State* v. *Hummer,* 72 *N. J. L.* 328; *State* v. *Lodico, supra.*

The fact, if it be the fact, that a wrong reason was given by the judge for the exclusion of the testimony, is immaterial, if, as here, it was properly excluded for another reason.

Pursuant to the act of 1921 (*Pamph. L., p.* 951), it is argued that the verdict is against the weight of the evidence.

We are unable to take that view of the case.

The testimony of the complaining witness C. P., as to the offence, was corroborated by that of the physician, who examined him three days thereafter. The defendant denied the commission of the offence. He proved that at the time the complaint was made (apparently two or three days after the crime), the complaining witness knew that this court had reversed the conviction of the defendant for the carnal abuse of the sister of the complaining witness, and from that he argues a motive to testify falsely. He further attempted to prove an *alibi* by the testimony of numerous witnesses. Considering the uncertainty of much of this testimony, the manifest interest of the witnesses, the fact that some of them contradicted others upon important and essential points, we are unable to say that the jury erred in disregarding it by their verdict. So, too, upon the whole case, after a careful consideration of the evidence, bearing in mind the ample opportunity of the jury to judge as to the credibility of the witnesses in the course of a lengthy and painstaking trial, we cannot say that the verdict is against the weight of the evidence.

These observations, we believe, in effect, dispose of every assignment of error and cause for reversal argued.

The judgment below will be affirmed.