THE STATE OF NEW JERSEY, DEFENDANT IN ERROR. v. WILLIAM H. BRICKER, JR., PLAINTIFF IN ERROR.

Argued November 22, 1923—Decided January 18, 1924.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"Defendant, a Philadelphia physician, having a house in Atlantic City, where, as the State claimed, he also conducted a medical practice, was convicted on an indictment for procuring an abortion on the body of one R. D. by the use of instruments, in violation of the statute, *Comp. Stat., p.* 1784, § 119. He admitted having treated her, but claimed that

it was solely in a lawful manner and at Philadelphia. The woman herself, called for the state, at first exhibited a remarkable lapse of memory as to what was done and where it occurred, and was cross-examined by the prosecutor as to whether she had not made different statements on prior occasions. This is alleged for error. It is also claimed that the court erred in refusing to direct a verdict of acquittal at the close of the evidence.

"There being no certificate of the entire record of proceedings at the trial, the case is before us on strict writ of error. Considering it in this aspect, and viewing the 'reasons' filed as if they constituted assignments of error, and as though they are based on exceptions taken at the trial [which the printed book fails to show], we find that only two of them are argued. They are as follows:

"No. 6. Because the court permitted the witness D. [the woman named in the indictment] to be interrogated upon a certain statement alleged to have been made [by her] prior to the trial.

"No. 15. Because the court refused to direct the verdict at the conclusion of [the] whole case.

"Passing the question of the insufficiency of 'reason' No. 6 because of its general character, it is sufficient to say that the court in its discretion properly allowed the witness D., who, as we have already observed, exhibited, when first called for the state, a remarkable lapse of memory as to the place and character of the treatment that she underwent, to be cross-examined by the prosecutor when, to the surprise of the prosecutor, she appeared as a hostile witness, with respect to inconsistent statements previously made by her, and for the purpose, as distinctly rule by the court more than once, of neutralizing the effect of her unexpectedly adverse testimony. *State* v. *D'Adame,* 84 *N. J. L.* 386, 394.

"As to 'reason' No. 15, the fundamental and well recognized rule is that if there is any legal evidence before the jury from which an inference of guilt can be legitimately drawn, the direction of an acquittal would be improper. Our examination of the evidence shows that while the issues

of locality and use of instruments by the defendant were sharply contested, there was testimony sufficient to justify a jury in saying that the defendant had operated on the woman at Atlantic City in manner charged in the indictment. For example, the state presented the testimony of the woman herself, that she had undergone an operation at the defendant's establishment in Atlantic City; that someone whom she did not see used instruments on her; that she saw the defendant in that house the next day and paid him $120, as agreed on prior to the operation. In addition to this it appeared that later she had gone home, became ill there and was taken to the hospital, where it was discovered that she had the symptoms of an incomplete abortion. The testimony of Miss Pinkham, a nurse, relative to a talk she had with the defendant shortly afterwards, indicated that he had admitted that he had 'fixed up' the girl 'in his sanitarium the week previous.' All this, taken with the other evidence, made a plain case for the jury to consider, so that it would have been error to direct an acquittal.

"The other 'reasons' are not argued, and should, therefore, be taken as abandoned; so we have not considered them.

"The judgment will be affirmed."

For the plaintiff in error, *James Mercer Davis.*

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas, and *Clarence L. Cole.*

PER CURIAM.

The judgment under review herein should be affirmed for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, CLARK, JJ. 11.

*For reversal*—None.