STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN MOHR, PLAINTIFF IN ERROR.

Argued November term, 1923—Decided March 28, 1924.

**Crimes—Receiving Stolen Goods—Contended That Prosecution Attempted to Prove Conspiracy, Not Receiving—Proper Charge in Receiving Stolen Goods Cases—Admission of Improper Evidence Charged—Judgment Sustained.**

On error to the Cumberland sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the defendant in error, *Roscoe C. Ward.*

For the plaintiff in error, *J. Roy Oliver, Herbert C. Bartlett* and *John W. Westcott.*

PER CURIAM.

The defendant was indicted and convicted in the Cumberland Quarter Sessions for receiving a Ford car belonging to one Damon, knowing at the time that it was stolen property. It is urged as error that the court refused to charge the following request of the defendant: "The evidence as pro-

duced by the state attempts to prove a conspiracy to which the defendant was a party and not the receiving of stolen goods." Assuming such to be the fact the defendant under the proof had entered into a corrupt agreement with the men who did the stealing to take the stolen goods from them. Yet that did not relieve him from liability under the indictment, since the proof was merely tended to demonstrate the truth of the charge that at the time he received the stolen automobile from the thieves he knew it to be stolen.

It is also contended as error that the court refused to charge that the testimony of an accomplice must be received with great caution and the testimony of a fellow-conspirator not corroborated is entitled to little credit. We think that request was properly refused. The credit to be given to a fellow-conspirator or an accomplice is a matter to be determined by the jury, and the court properly charged that in considering the testimony of the so-called accomplices, or fellow-conspirators, the jury should keep in mind their relation to the situation, viz., that they stole the automobile which the defendant was charged with having received, and weigh it carefully because of that relationship, and that the jury should also consider the extent to which their testimony had been corroborated by the other witnesses upon the subject. *State* v. *Rachman*, 68 *N. J. L.* 120.

It is also urged that the court erroneously refused to charge the following request: "In proving a charge of receiving stolen goods the proof must be that the defendant had knowledge, not that he was suspicious." The court in beginning his charge stated in effect, saying, "The state must prove, first, that the automobile was stolen, and, second, that Mohr received the car knowing it to have been stolen." In any event the request was too liberal to the defendants. *State* v. *Dadame*, 84 *N. J. L.* 386.

The next point is that the court erred in charging the jury as follows: "The receiving of the Loveland car is alone put in issue by this indictment; but counsel, without objection on either side, have injected into this issue that involving

the stealing and receiving of other cars," &c. This was a statement of fact, the truth of which was not denied.

It is further contended that the court erroneously admitted in evidence testimony involving the stealing and receiving of other cars, and that this constitutes a ground for reversal under the 136th section of the Criminal Procedure act, notwithstanding that no objection was taken thereto. It is settled that a judgment may be reversed for the erroneous admission or rejection of evidence, where the ruling is not excepted to, applies only where judicial action has been taken upon the question presented and has been excluded or omitted over the objection thus taken. Where the court takes no action upon the question there is neither a judicial rejection or reception of evidence. *State* v. *Wardy,* 77 *N. J. L.* 348; *on appeal,* 78 *Id.* 687; *State* v. *Sweet,* 81 *Id.* 250; *State* v. *Lockman,* 83 *Id.* 168.

The last ground of reversal must be considered abandoned, since it was not argued or in any wise elucidated.

The judgment of conviction must therefore be affirmed.