STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN
MOHR, PLAINTIFF IN ERROR.

Submitted November 7, 1924—Decided January 19, 1925.

On error to the Supreme Court, whose *per curiam* is
printed in 2 *N. J. Mis. R.* 261.

For the plaintiff in error, *Herbert C. Bartlett* and *John W.
Wescott.*

For the defendant in error, *Thomas G. Tuso,* prosecutor of
the pleas, and *Leroy W. Loder.*

PER CURIAM.

The defendant was indicted for receiving a stolen automo-
bile, knowing it to have been stolen, and was tried in the
Cumberland Quarter Sessions before judge and jury, and
was convicted. He sued out a writ of error to the Supreme
Court, where the conviction was sustained in an opinion *per
curiam.* 2 *N. J. Mis. R.* 261. He now brings error here.
Our examination of this case has led us to the conclusion
that the Supreme Court reached the right result, and that
its judgment should be affirmed.

Two briefs were submitted for the plaintiff in error. In
one of them it is stated that "as the Supreme Court had the
case, it could not have disposed of it otherwise than it did
dispose of it." It is then stated that counsel wish to amend
the causes for reversal, and include as an amendment the
errors pointed out in that brief. In *State* v. *Snell,* 96 *N. J.
L.* 299, this court decided that a question not presented and
argued in the court below will be held to be waived and
abandoned, and will not be considered in an appellate tri-
bunal, although it is otherwise if the question goes to the
jurisiction or involves public policy; and a court of last
resort, reviewing a court of intermediate appeal, will not

reverse upon ground which, while they could have been, were not, raised *and argued* in the intermediate court of appeal (unless a question of jurisdiction or public policy is involved). And there is no question of jurisdiction or public policy involved here.

Now, as to the propriety of an amendment importing into the case questions not raised and argued in the Supreme Court. In *State* v. *Brown*, 76 *N. J. L.* 479, in this court, where a defendant had been convicted in the Quarter Sessions after a trial by jury, and having reviewed the conviction in the Supreme Court on ordinary bills of exception and assignments of error, without availing himself of the more extensive review permitted by section 136 of the Criminal Procedure act, and having applied here upon the argument for leave to amend the record or to have it remitted to the court below for amendment in such manner as to enable him to have the benefit of the review permitted by that section, it was held that the application came too late.

Another thing: There is no assignment in this court which entitles the plaintiff in error to review the judgment of the Supreme Court, for there is no assignment to the effect that the Supreme Court erred in the judgment that it gave. In the recent case of *Burhans* v. *Paterson*, 99 *N. J. L.* 490, this court held that when the Supreme Court sits as reviewing tribunal, the only proper ground of appeal here is that that court erred in the judgment it gave, and on the argument reliance may be had upon the assignment of errors and causes for reversal in criminal cases, filed in the court below and brought up with the record.

For the reasons given above the judgment brought up by the writ of error in this case will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.

*For reversal*—None.