916

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ERNEST WASHINGTON, PLAINTIFF IN ERROR.

Submitted May 16, 1930—Decided December 15. 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiff in error, *William B. Surran* (*Clarence L. Cole*, of counsel).

For the defendant in error, *Louis A. Repetlo*.

PER CURIAM.

Plaintiff in error is a constable and was convicted on an indictment charging a breaking and entering with intent to kill, rob and to commit an assault and battery. He was sentenced to a term of two years in state prison and to resign his office as a constable.

The case is here on identical assignments of error and reasons for reversal, four of which are argued in the briefs of counsel. Under these it is urged that the court should have granted a motion instructing the jury to acquit the defendant, and in any event that the verdict was against the clear weight of the evidence.

Washington, with a man named Wisler, in an intoxicated condition, went to the home of a woman named Williams, in Atlantic City, and demanded admittance. The door not being opened, he and Wisler proceeded to batter their way in, one by shooting open the lock and the other smashing

a window. When inside they flourished revolvers in a threatening manner and demanded to know where a certain woman was. Shooting up and breaking a lock, breaking the window and entering the house (unjustified as it all appears) certainly indicated a breaking and entering; also it would seem to imply an intent to at least assault somebody and justify the conviction.

It is next urged that the conviction being a general one, it could not be sustained. The court had directed the jury that no conviction could be had on the charge of breaking and entering with intent to rob. This did not affect the other charge or the conviction under it. *State* v. *Huggins,* 84 *N. J. L.* 254.

The sentence is erroneous, however, in so far as it requires that the defendant resign his office of constable, and the judgment will be reversed and the case remanded in accordance with section 144 of the Criminal Procedure act of 1898 to the end that a proper judgment may be rendered.