ALBERT FIELDER, PLAINTIFF-APPELLANT, v. BENJAMIN FRIEDMAN AND MABEL M. KELLNER, INDIVIDUALLY AND TRADING AS THE CHATEAU OR THE CHATEAU TAVERN, DEFENDANTS-RESPONDENTS.

Argued February 7 and 8, 1940—Decided April 25, 1940.

For the plaintiff-appellant, *Benjamin M. Ratner.*

For the defendant-respondent Benjamin Friedman, *James L. McKenna* and *A. & H. Gurevitz.*

For the defendant-respondent Mabel M. Kellner, *Vincent P. Keuper.*

The opinion of the court was delivered by

HAGUE, J. This is an appeal from a judgment, entered on the verdict of a jury, in favor of defendants. The plaintiff, a musician, sued defendants for breach of contract, alleging in his complaint an agreement to furnish an orchestra at defendants' place of business, a night club in Neptune township, Monmouth county, New Jersey, commencing May 29th, 1936, and terminating September 7th, 1936, for an agreed price of $462 a week; that the defendants paid only $350 a week during June and $370 during July and August, and at the termination of the contract, on September 7th, were indebted to the plaintiff in the sum of $1,430, together with accrued interest, making a total of $1,673.10. The defense was full payment of the contract price.

The jury returned a verdict of no cause of action in favor of the defendants and the plaintiff appeals.

Appellant's grounds of appeal are grouped into several main headings. In the first group plaintiff contends that it was error to allow cross-examination of the plaintiff with this question: "Did you ever make a complaint to the Labor Board?" The extent of the direct and cross-examination is a matter for the reasonable discretion of the trial judge and its exercise will not be interfered with unless there has been an abuse thereof. *Stein* v. *Goodenough,* 73 *N. J. L.* 812; *Donovan* v. *Limouze,* 108 *Id.* 494. The question, we think, was properly directed to the witness' credibility.

The next two objections upon which exceptions were taken, as well as several others written down as erroneous, will not be considered because no grounds were stated for the objections in the court below although exceptions were entered.

The next question said to be error, as follows: "Did you go back to the Chateau in 1937 and play again?" was allowed over an objection that it was immaterial and not in isssue. The contract between the parties was made in 1936. It was breached then, if at all, and the question asking whether plaintiff returned to play the following year was addressed to his credibility and its admissibility is discretionary with the court.

The next question to consider was addressed to Leon Burnson, sergeant-at-arms of a District Court in Monmouth county, who at the time in question was trying to have satisfied an execution against the present appellant, and the question objected to was: "What [questions] did you [Burnson] ask him [the plaintiff]?" This question was not improper. The court, in permitting the question, probably considered that it would disclose pertinent information. In this case it did disclose an admission against interest since the testimony is that Fielder replied that he had no money and that he was not owed any by the defendants in this case. This conversation took place in August, 1936. This was not error.

In the second group, plaintiff contends that the trial court improperly overruled the following questions: "*Q.* How much was noted in that receipt?" The receipt had not been produced. Objection was made to this question on the ground that the receipt not being in evidence parol evidence

could not be introduced as to what the receipt contained. The ruling was correct. The receipt itself was the best evidence. *Blitzer* v. *Michaels*, 7 *N. J. Mis. R.* 561; *Corbo* v. *East Orange and A. Land Co.*, 86 *N. J. L.* 563; *Durbrow* v. *Hackensack Meadows Co.*, 77 *Id.* 89. Secondly, no foundation was laid for this type of evidence, because there was no notice to the defendants to produce the receipts which plaintiff gave them and secondary evidence was therefore not admissible. *Cumberland Mutual Fire Insurance Co.* v. *Giltinan*, 48 *Id.* 495; *Corbo* v. *East Orange and A. Land Co.*, supra; *Durbrow* v. *Hackensack Meadows Co.*, supra.

The next question overruled by the court below was: "*Q.* Who is May Friedman?" Nothing was said by appellant's counsel to explain the relevancy of the question or that the answer would be material. "Without an offer and purpose for which evidence is offered appearing, it is not error to exclude the answers to questions propounded, as the answers to the questions are conjectural, and the court is neither obliged nor required to indulge in guess work." *Toscani* v. *Quackenbush Co.*, 112 *N. J. L.* 173. Also see section 27, Practice act; *R. S.* 2:27-241. It was not error to overrule the question.

The remaining questions in this group are of the same character and require no discussion.

The next argument is that the court erred in permitting defendants to amend their answer and plead payment. It also appears that the plaintiff consented to the amendment. Plaintiff should not be now heard in complaint.

The fourth ground is that the court erred in refusing to admit in evidence a photostatic copy of a trade name certificate made in 1935. This certificate was executed a year before the contract with the appellant was made. It seems to have been immaterial. At any rate, nothing appears to show materiality. *Toscani* v. *Quackenbush, supra.*

We find no error in the case. No substantial right of the appellant was harmed by any ruling made the subject of appeal.

The judgment is affirmed.

518 

*For affirmance*—THE CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.