26 N.J. Super. 588 (1953)
98 A.2d 618
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
AL EDELMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 22, 1953.
Decided July 6, 1953.
*591 Before Judges GOLDMANN, SMALLEY and SCHETTINO.
Mr. David H. Harris, Special Deputy Attorney-General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General, attorney; Mr. Albert M. Ash, Deputy Attorney-General, of counsel).
Mr. Abram A. Lebson, argued the cause for the appellant.
*592 The opinion of the court was delivered by SMALLEY, J.S.C. (temporarily assigned).
This is an appeal by the defendant-appellant Edelman from a final judgment of the Law Division of the Superior Court.
On February 16, 1951 the Bergen County grand jury returned an indictment charging that the defendant, Al Edelman, Joseph Gross and Louis Ruggiero did conspire at the Borough of Bogota on January 10, 1950 and divers other days thereafter, and on March 31, 1950, to make or take book in violation of R.S. 2:119-1. The indictment further alleged the following three overt acts: first, the conspirators did in violation of R.S. 2:135-3, keep a cellar apartment at 34 Hill Street in the Borough of Bogota with intent that persons might and should resort there for bookmaking; second, that Louis Ruggiero paid Jennie Brandt on various occasions, the sum of $20 for use of the telephone and premises in the making or taking of book; and thirdly that Ruggiero did bring Al Edelman and Joseph Gross to said premises on the above mentioned dates, and that the latter two did by telephone make book in violation of R.S. 2:135-3.
On the first trial of this indictment, Edelman and Ruggiero were jointly tried, with a severance as to Gross, the latter being the State's principal witness. That trial resulted in Ruggiero's acquittal and Edelman's conviction. On appeal, Edelman's conviction was reversed. State v. Edelman, 19 N.J. Super. 350 (App. Div. 1952).
The second trial of Edelman on the same indictment commenced on February 2, 1953, and again resulted in a conviction, which is herein being appealed. During the second trial the defendant did not testify and the only witness in his behalf was Ruggiero. The State produced Gross, Mrs. Brandt, and telephone company employees who testified as to the records of installation of equipment and the assigning of telephone numbers, and police investigators who checked and recorded the toll calls from such numbers.
The defendant contends that the trial court erred in refusing to grant his motion to dismiss the indictment on the ground that Ruggiero's acquittal caused the indictment *593 to be a "false bill." However, the previous acquittal of Ruggiero merely disposed of the indictment as to him, and did not affect the defendant. State v. Salimone, 19 N.J. Super. 600 (App. Div. 1952). The reversal of defendant's prior conviction did not amount to an acquittal and consequently a plea of double jeopardy is not applicable herein. Smith & Bennet v. State, 41 N.J.L. 598 (E. & A. 1879); State v. Labato, 7 N.J. 137, 143 (1951); State v. Lamoreaux, 20 N.J. Super. 65, 69 (App. Div. 1952). We have not been referred to any case for the authority that upon an acquittal of one defendant to a charge of conspiracy, that the indictment is automatically invalid as to the remaining defendants.
The disposition of this matter is based upon the uncontroverted law in this jurisdiction regarding the criminal act of conspiracy. The rule is clearly enunciated in State v. Carbone, 10 N.J. 329, 338, 339, 341, 342 (1952), where Justice Heher said,
"In New Jersey, an agreement or combination between two or more persons to commit a crime constitutes a conspiracy punishable as a misdemeanor, if with certain exceptions there be an overt act in furtherance of the object of the agreement by one or more of the parties. R.S. 2:119-1, 2, N.J.S.A.

* * * * * * * *
Where two or more persons have entered into a conspiracy to perpetrate a crime, the acts and declarations of one of the conspirators in furtherance of the common object are deemed in law the acts and declarations of all. * * * This is the rule in New Jersey; and it is the general rule.

* * * * * * * *
A conspiracy may be proved by direct evidence, or by circumstances from which the jury may presume it. * * * Proof of the existence of a conspiracy is generally a `matter of inference deduced from certain criminal acts of the parties accused, done in pursuance of an apparent criminal purpose in common between them.' R. v. Brissac, 4 East 164, 171, Grose J. Though the act of conspiracy is the gist of the offense, `it is not necessary to show an actual association or confederacy, but it may be left to reasonable inference.' Chitty, Cr. L., 1141. * * *"
Also it is the prevailing view that the conspirators need not know each other, nor need the overt acts be done by all *594 the parties. State v. Carbone, supra; State v. Ellenstein, 121 N.J.L. 304 (Sup. Ct. 1938).
Assuming, as the defendant contends, that the State has presented conflicting testimony by its witnesses, we point out that there was sufficient testimony by Gross to enable the jury if they believed him, to find beyond a reasonable doubt that a conspiracy had occurred within the time and place set out in the indictment. Such were questions of fact for the jury. As to the further requirement of establishing the commission of an overt act, we find uncontroverted testimony by Gross that he took book at the place in question. Therefore, if the jury found the agreement or combination to commit the unlawful act and further that Gross as a conspirator did take book in furtherance of said agreement, the crime of conspiracy as charged would have been made out.
Defendant claims that the trial court erred when it denied defendant's motion for judgment of acquittal. Rule 2:7-7 provides in part:
"* * * The court, on motion of a defendant or of its own motion, shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or accusation at the close of the state's case or after the evidence of both sides is closed, if the evidence is insufficient to warrant a conviction. * * *"
In the case of State v. Williams, 16 N.J. Super. 372, 382 (App. Div. 1951), Judge Eastwood speaking for the court stated:
"The test generally recognized when a motion for directed acquittal is made, is whether there is any evidence from which an inference of guilt may be drawn. * * *"
We reiterate our position as previously stated; i.e., there was sufficient testimony on which the jury could base a verdict of guilty. It was for them to decide the credibility of the witnesses and the weight to be accorded their testimony. The motion was properly denied.
*595 It is defendant's contention that testimony regarding acts allegedly committed by Ruggiero, who had previously been acquitted, was erroneously received into evidence. Defendant cites the case of State v. Riley, 65 N.J.L. 624 (E. & A. 1900) for the proposition that,
"It follows that evidence not within the allegations of the indictment is incompetent to induce a conviction. * * *"
The record herein shows that said overt acts were set out in the indictment. An analogy may be drawn to the case of State v. Carbone, supra, wherein a witness, named as a party to the overt acts but not named as a co-conspirator or as a defendant in the indictment, was permitted to testify against the co-conspirators as to conversations and his part in the execution of the conspiracy which occurred in the absence of the defendants.
There can be no doubt that the testimony for the defendant, by Ruggiero, was competent and evidential, but it was for the jury to decide whether it was credible and the weight to be accorded thereto.
We find no merit in the defendant's contention that the trial court erred when charging the jury regarding the defendant's failure to take the stand and testify, and the weight to be accorded the testimony of Gross. As to the former the pertinent part of the charge is:
"You will remember that the defendant Edelman did not take the stand. Under our law a defendant cannot be compelled to take the stand but he is competent to testify and he has a right to testify. His failure to be a witness in his own behalf raises no presumption of guilt, but if facts are testified to which tend to prove the guilt of the defendant, which facts he could by his oath deny, his failure to testify in his own behalf raises a strong presumption that he could not truthfully deny those facts."
The case of State v. Costa, 11 N.J. 239 (1953) is dispositive of this matter. Also see State v. Ellrich, 10 N.J. 146 (1952); State v. Friedman, 135 N.J.L. 414 (Sup. Ct. 1947); State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947).
*596 It has been admitted that "direct evidence" was introduced against the defendant. The defendant of his personal knowledge could have denied statements by Gross to the effect that he had taken book.
Likewise this court is of the opinion that the trial court properly charged the jury regarding the credit to be given the testimony of Joseph Gross. The charge in part is:
"The jury have a right to convict on the uncorroborated testimony of an accomplice if in the judgment of the jury the testimony is entirely credible and worthy of belief, but the jury should accept the uncorroborated testimony of an accomplice with caution, as he might for his own protection or for some ulterior motive throw the blame from his own shoulders to that of another, or implicate another in the crime. * * *"
This charge when tested by the rules as propounded in the case of State v. Carbone, supra, is shown to be in compliance with the prevailing authorities. See State v. Lieberman, 80 N.J.L. 506 (Sup. Ct. 1911), affirmed 82 N.J.L. 748 (E. & A. 1912); State v. Edelman, supra; State v. Hyer, 39 N.J.L. 598 (Sup. Ct. 1877).
We further find that defendant's contention that the trial court erred in permitting the State to cross-examine the witness Ruggiero without limiting it to the scope of direct examination is without merit.
The general rule in this jurisdiction is that the cross-examination is limited by the scope of the direct examination. See State v. Murphy, 87 N.J.L. 515 (E. & A. 1915); Donnelly v. State, 26 N.J.L. 463 (Sup. Ct. 1857); State v. Gentalonza, 18 N.J. Super. 154 (App. Div. 1952). However, we further note the principle that the course and scope of cross-examination is within the discretion of the trial judge, providing it is not wholly unmotivated and irrelevant to the basic issue. State v. Hatch, 21 N.J. Super. 394 (App. Div. 1952). The exercise of this discretionary authority will not be disturbed on appeal unless it has clearly been abused. Vargo v. P. Ballantine & Sons, 119 N.J.L. 561 (E. & A. 1938); Fielder v. Friedman, 124 N.J.L. 514 (E. & A. 1940).
*597 It is also defendant's contention that the trial court erroneously admitted into evidence various items of secondary evidence pertaining to testimony by a member of the New Jersey State Police who had copied certain matter from the records of the telephone company which indicated calls had been made from defendant's home to the premises in question and also from the latter telephone to Gross' home. The defendant contends such was improperly admitted, in view of the fact that the proper foundation was not laid, i.e., showing that the original records had been destroyed by one other than the proponent thereof. The record made from the toll slips in the telephone company was not marked nor admitted into evidence. At that point in the trial the court ruled that inasmuch as the toll slips had been destroyed,
"I decline to rule that they were destroyed by reason of the fault of the State, which is a ruling sometimes that is involved in this case, and therefore, the primary evidence not being available I will permit secondary evidence. However, the document that is offered, not purporting to be exact copies of the toll slips, I will not allow to go to the jury as an exhibit, but I will allow the witness to testify from it as to the contents of the toll slips which he examined and I will note your objection to my ruling in that respect and I will make this suggestion to save time."
We are of the opinion that on the basis of the court's statement and ruling as set out in part above, that prejudicial error was not committed.
Regarding defendant's claim of error for failure of the trial court to charge verbatim as requested, we note that the prevailing view in this jurisdiction is that the trial court need not charge in the exact language requested, nor does the defendant have the right to choose language in which the court should state pertinent instructions. State v. Ellrich, 10 N.J. 146 (1952); State v. Grillo, 11 N.J. 173 (1952); State v. Tansimore, 3 N.J. 516 (1950).
Defendant further claims that the court erroneously failed to charge, "that where a witness has been impeached in a material respect the jury may disregard his entire testimony." We point out that a comparison of the requested *598 charges and the charge actually given would indicate that the court charged substantially as requested. The charge is as follows:
"There is another principle of law that you should understand and that is this. If you believe that any witness in this case has wilfully, or knowingly, or intentionally given or made a false statement, or has testified falsely relating to a material fact in the case then you, the jury may reject all or any portion of the testimony given by that witness."
A review of the court's charge in its entirety reveals no instance of harm to the defendant.
Affirmed.