### THE STATE v. JAMES RILEY.

#### Submitted March 26, 1900—Decided June 11, 1900.

1. In the crime of obtaining money under false representations, the offence does not consist in the making of the false representations, but in the *making of the false representations and the obtaining money or other thing of value by means thereof.*

2. An indictment alleging the making of the false pretences more than two years prior to the finding of the same, and which further alleges that money was obtained less than two years before the finding of the indictment, is not barred by section 130 of the Criminal Procedure act. *Gen. Stat., p.* 1146.

---

On writ of error to Hudson Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff in error, *James A. Gordon.*

For the state, *James S. Erwin.*

PER CURIAM.

This writ of error brings here for review a conviction had against the plaintiff in error; for obtaining money by false pretences from one John McGrath.

Eighteen errors are assigned; two of them attacking the frame of the indictment, eight of them directed against the alleged illegal admission of evidence, and the remaining eight based upon exceptions to the charge of the court. We find these several assignments without legal merit. The charge

to the jury was an accurate exposition of the law relating to the subject under investigation; the various questions which were permitted to be asked at the trial by the prosecutor of the pleas, against the objection of the plaintiff in error, were properly admitted; and the crime of which he was convicted is set out in the indictment with sufficient particularity.

The objection to the indictment, that it alleges the false pretences to have been made more than two years prior to the finding of the indictment, and, therefore, showed a crime outlawed by the statute, has no force. The making of the false representations is not the offence; the offence consists of the *making of the false representations and the obtaining money or other thing of value by means thereof.* It appears upon the face of the present indictment that the money was obtained by the plaintiff in error from McGrath less than two years before the finding of the indictment. This being so, prosecution for the offence is not barred by section 130 of the Criminal Procedure act. *Gen. Stat., p.* 1146.

The judgment of the Hudson Quarter Sessions should be affirmed.