· THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JAMES RILEY, PLAINTIFF IN ERROR.

Submitted December 10, 1900—Decided March 4, 1901.

On trial of an indictment for obtaining money by false pretence, it is
error to permit the jury to convict for falsity not alleged in the
indictment.

On error to the Supreme Court, on affirmance of a convic-
tion in the Hudson Quarter Sessions.    The opinion of the
Supreme Court is reported *ante p.* 192.

For the plaintiff in error, *Clarence Linn.*

For the state, *James S. Erwin,* prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J.  The indictment in this case was for obtaining
money by false pretence.   It alleged that the defendant, in
order to induce a contract of purchase of certain land by one
John McGrath, did, on February 7th, 1894, represent that
he owned the land unencumbered; and, afterward, in order
to induce the payment of an installment of the purchase-
price, did, on March 7th, 1898, falsely pretend that the title
was still unencumbered, when, in fact, such title was then
encumbered by a mortgage that he had given shortly after
the making of the contract.

The proof at the trial was that, at the time of the contract,
the land embraced therein was owned by one Brinkerhoff
unencumbered, and, on March 23d, 1894, was by him sold
and conveyed to the defendant, who, on the same day, gave
a mortgage upon it.   No representation at any other time
than on February 7th, 1894, was proved, the trial court sub-
mitting the case to the jury on the theory that silence might
constitute a continuing misrepresentation.   Intentional falsity
of the original representation of ownership was expressly

submitted as warranting conviction. This was erroneous. It doubtless escaped the notice of the trial court, as well as of the Supreme Court on review, that the indictment does not negative the fact of the defendant's ownership. The only false pretense averred is that the land was, on March 7th, 1898, unencumbered. It is well settled in this state that in an indictment for obtaining money by false pretense every misrepresentation relied on for conviction must be set out with sufficient particularity to apprise the defendant of the case he must meet. Both the representation and its falsity must be pleaded in due form. *State* v. *Tomlin,* 5 *Dutcher* 13, 25; *Roper* v. *State,* 29 *Vroom* 420; *Oxx* v. *State,* 30 *Id.* 99. This court, in *Cunningham* v. *State,* 32 *Id.* 666, explicitly declared this rule, and at the present term, in *State* v. *Luxton, ante p.* 605, has re-declared it, although holding that defects of pleading may be cured by verdict. It follows that evidence not within the allegations of the indictment is incompetent to induce a conviction. As was said, in a case like the present, by Chief Justice Beasley, it is a familiar and rudimentary principle that the *allegata* and *probata* must correspond. *Harris* v. *State,* 29 *Id.* 436. If incompetent evidence gets into the case, the court should protect the defendant against it by appropriate instruction to the jury. In the charge under review such evidence was submitted as if competent, and the general exception taken by the defendant must prevail to overthrow the verdict.

This leads to a reversal of the judgment of conviction, but to no defeat of justice. As to ownership: The written contract delivered to McGrath and offered in evidence by the state, although signed without a designation of agency, was, by its terms, made "subject to the owner's approval." Except for testimony that the purchaser could not read, the trial court would hardly have submitted to the jury the question of whether the defendant represented himself to be owner; and, in light of all the evidence in the case, a finding of such a representation was not justifiable. As to encumbrance: Brinkerhoff would not approve the contract, and, in order to carry it out, the defendant purchased the land. He raised

the money to do so by means of a mortgage to a building and loan association. Whether or not he informed McGrath of this mortgage was, at the trial, a disputed question, which, because of its submission to the jury blended with the question of the original representation of ownership, was not settled by the verdict. This mortgage was reduced as Mc-Grath paid the installments on his contract. The payment of March 7th, 1898, which is the subject of the indictment, left due on the contract the sum of $150. By the state's proof it appeared that no more than that sum was due on the mortgage when it was afterwards foreclosed. McGrath was in no way defrauded in his payment of March 7th, 1898. He made but one more payment, namely, $50, and with that the present indictment does not deal. We have not considered the question of whether the true representation of February 7th, 1894, that the land was unencumbered, could, by the mere receipt in silence of installments on the contract, become a false pretense that it was on March 7th, 1898, still unencumbered.

The judgment of the Supreme Court and that of the Sessions must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, COLLINS, FORT, GARRETSON, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 11.