THE COUNTY OF ESSEX, AND LEWIS G. BOWDEN, COUNTY SUPERVISOR OF ESSEX COUNTY, PROSECUTORS, v. THE CIVIL SERVICE COMMISSION OF NEW JERSEY AND PETER FARLEY, DEFENDANTS.

Argued February 21, 1923—Decided July 19, 1923.

1. Chapter 206 of the laws of 1918 (*Pamph. L.*, *p.* 752), which gives to the county supervisors in counties of the first class, supervision of all subordinate county officers and employes, and the right to suspend or remove them from office, after a hearing, for violation or neglect of duty, is not in conflict with the right of the civil service commission to investigate and hear appeals in cases where an employe has been removed from a position or office within the Civil Service act.

2. Section 24 of the Civil Service act, as amended (chapter 236 of the laws of 1917, *Pamph. L.*, *p.* 797), vests the civil service commission with full power to hear appeals by employes holding positions or places designated by the act, who have been discharged, removed, &c., to make an independent investigation, to hold an independent hearing and determine the merits on testimony taken before the commission. These provisions preclude the idea that the commission should act upon testimony given in the proceeding from which the appeal is taken.

On *certiorari*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutors, *Arthur T. Vanderbilt*.

For the civil service commission, *Thomas F. McCran*, attorney-general.

For Peter Farley, *Ernest L. Quackenbach*.

The opinion of the court was delivered by

KALISCH, J.    The writ of *certiorari* allowed in this case brings before us for review the validity of an order made by the civil service commission of New Jersey directing the county supervisor of the county of Essex and the board of

chosen freeholders of Essex county to reinstate Peter Farley to the position of head laundryman, in the Essex County Hospital for Contagious Diseases, and from which position he was dismissed by Lewis G. Bowden, the county supervisor.

After Farley was dismissed, he applied to the civil service commission for a review of the action of the county supervisor, which application was granted.

A time was fixed by the civil service commission for a hearing and the taking of testimony, in relation to the matter. Both parties were represented by counsel, and after testimony was taken and respective counsel heard, the action of the county supervisor in dismissing Farley was disapproved and an order was made directing his reinstatement.

The single question presented for decision is whether the civil service commission was lawfully authorized to review the action of the county supervisor in dismissing Farley, and, hence, warranted to make the order reinstating him.

It is of no concern in this proceeding whether or not Farley was rightly or wrongly dismissed from service by the county supervisor, for the testimony upon which he acted and the order made by him cannot be questioned, since that record could not properly be brought here under the writ in this case. It may very well be that both proceedings and orders could have been made the subject of a review by this court, if the prosecutors had refused to reinstate Farley, thus requiring him to resort to a writ of *mandamus*. It is quite plain that were it not for the right of review, which it is alleged the civil service commission has under the statute, Farley would have been obliged to test the right of the supervisor to remove him by a writ of *certiorari*. The outcome of the review by the civil service commission made such step unnecessary.

By section 24 of the Civil Service act, as amended (*Pamph. L.* 1917, *ch.* 236, *pp.* 797, 798), it is provided, *inter alia,* that an officer, clerk or employe holding a position in the classified civil service, who has been discharged, fined or reduced, upon charges preferred and after hearing may "apply to the civil service commission for investigation of the charges on which

such order of removal, discharge, fine or reduction is based, under such rules as the civil service commission shall prescribe, said order of removal, discharge, fine or reduction may be approved as, of course, without hearing or investigation. If such person, so as aforesaid, ordered to be removed, discharged, fined or reduced shall, within ten days after notification as aforesaid, apply for investigation of the charges as aforesaid, by the civil service commission, said commission shall fix a time and place for a hearing of the case of which written notice shall be served upon the appointing officer or board and the person sought to be removed, discharged, fined or reduced, at least five days prior to the hearing, and at the hearing the respective parties may be represented by counsel and the commission shall hear witnesses and receive all other competent evidence produced, and determine the case upon such evidence as may be presented * * *. If, on such hearing, the civil service commission shall disapprove of such order of removal, discharge, fine or reduction, the same shall be and remain of no effect" * * *.

And, on page 799, the section further provides that an officer, clerk or employe of the non-competitive class, who is removed, discharged or reduced shall have the right of appeal to the civil service commission who shall investigate and hear the charges, "and if on said hearing the civil service commission shall disapprove of such removal, discharge or reduction, it shall make an order for the reinstatement of such officer, clerk or employe in his place in the non-competitive class," &c.

Thus, it is obvious that the civil service commission is fully invested by section 24 of the statute of 1917, with full authority and power to hear appeals from the class of employes holding positions or places designated by the statute and who have been discharged, removed, fined or reduced, and to make an independent investigation and to hold an independent hearing and to determine the merits of the case on the testimony taken before it.

But it is strenuously urged by counsel for the prosecutors that the power and authority possessed by the civil service

commission under section 24 of the act of 1917 was repealed by section 3 of an act entitled "An act creating the office of county supervisor in counties of the first class in this state." *Pamph. L.* 1918, *ch.* 206, *p.* 752.

This section provides: "It shall be the duty of the county supervisor to exercise a constant supervision over the conduct of all subordinate officers and employes, and to examine into all complaints made against any of them for violation or neglect of duty, and if it is found that any officer or employe is guilty of the charges brought against him, the county supervisor may suspend or remove him as the case may seem to require." * * *

We can perceive no language in this section which even in the remotest sense is inconsistent with a right of review by the civil service commission to investigate and hear appeals in cases where there has been a removal from a position or place falling within the Civil Service act.

The effect of the statute of 1918 was to create a county supervisor in counties of the first class and to prescribe their duties and power, but there is nothing in the context which gives rise to either an express or implied intent of the legislature to deprive the civil service commission of one of its most corrective, serviceable and beneficial powers, namely, to prevent employes, whose services come within the protection of the Civil Service law, from being removed from their places or positions, by reason of race, religion or politics, as well as under flimsy pretexts.

It is axiomatic in the law that a repeal of a statute by implication is not favored.

For a further reason why the order of the civil service commission should be set aside, it is urged that it failed to decide the case on the evidence before it, and that the order here complained of was contrary to the evidence presented to it on the county supervisor's hearing and on the hearing before Commissioner Wright.

There is no merit in this contention. By the section 24 of the statute of 1917, the hearing before the civil service commission is expressly made an independent investigation and

trial wholly governed by the testimony there adduced. The testimony taken at the hearing before the county supervisor finds no proper place at such trial and is not a proper subject for the civil service commission to review. The statute makes it incumbent upon the civil service commission to determine the case upon the testimony taken at the hearing before it.

Nor can we say after a careful reading of the testimony before the civil service commission that its order to reinstate Farley to his former position in the hospital was unwarranted.

The ground upon which Farley was discharged by the county supervisor was "failure to report for work on time." Farley had held his position in the hospital for ten years. During that period of time no charge of any kind had been preferred against him. It further appeared that there were no rules regulating his hours of labor; that the institution is located a mile from the nearest street car route, and that no means for transportation was furnished for the male employes, and in consequence thereof they were obliged to walk. Farley testified that he made it a practice of leaving his home at six forty-five A. M., and arriving at the institution at eight o'clock, or a few minutes before. He admitted that occasionally during the winter months by stress of weather or traffic conditions he would be belated several minutes. While it appears that he signed the time books as from eight o'clock to five, his testimony is to the effect that with few exceptions he actually put in that time by remaining at the laundry until five-fifteen or five-twenty, and that he often worked a portion of the noon hour.

In view of this we cannot say that there was no testimony warranting the civil service commission to reinstate Farley to his former position and to make an order to that effect.

Writ is dismissed, with costs.