HARRY A. KRAMER, PROSECUTOR, v. THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND THE CITY OF TRENTON, RESPONDENTS.

PETER L. TEDESCHI, PROSECUTOR, v. THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND THE CITY OF TRENTON, RESPONDENTS.

CHARLES J. FARRAR, PROSECUTOR, v. THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND THE CITY OF TRENTON, RESPONDENTS.

Submitted May 3, 1938—Decided August 18, 1938.

600

Before Justices TRENCHARD, PARKER and PERSKIE.

For the prosecutors, *Sydney D. Walters* (*Thomas F. Ryan*, of counsel).

For the respondents, *Sidney Goldmann*.

The opinion of the court was delivered by

PERSKIE, J.   Were the prosecutors legally dismissed from their positions in the department of public works and service of the city of Trenton?

The prosecutors are three in number.   By stipulation of counsel their causes have been consolidated and will be treated as one.   Each held a position in the competitive classified civil service.   On August 17th, 1935, they, together with other employes, executed affidavits charging one Johnson, their foreman, with having padded the payroll, with having used city employes for private work during city hours, with favoritism and with other irregularities.   Johnson and the prosecutors were suspended pending formal hearing.   The pertinent provisions of prosecutors' notice of suspension read as follows:

"Because of certain charges and allegations you have made in an affidavit signed by you and sworn to before the City Attorney, in which you admit having knowingly received and accepted on a number of occasions pay in excess of that due you, without having . called Mr. McAvoy's attention [Mr. McAvoy is the clerk of the street department and in charge of making and keeping record of time, payroll, &c., of employes] to such excess at the time you received it or without having offered to return it to the city, it becomes my duty as Director of the department to suspend you until such time

as the charges contained in your statement can be formally heard before Mr. Paul Morton, City Manager, as provided by law."

Johnson's hearing was had. Prosecutors appeared as witnesses for the city. During the hearing, the city manager, who was the presiding officer, announced that he would, unless there was objection, determine the status of the prosecutors at the same time he determined the status of Johnson. No objection was made to the suggested procedure and hearing of all the parties was had upon the merits. Johnson was found guilty of having had city employes work on his car during city hours, but was absolved of all other charges. He was suspended for two months and two weeks without pay. The prosecutors were discharged from their positions because, in the opinion of the city manager, they "maliciously" and "with premeditation falsely" swore against Johnson. Prosecutors applied for and were given a hearing before the Civil Service Commission. *Rev. Stat.* 11:22-39. That body, although it affirmed the action of the city manager, expressly refused to pass upon the question as to whether prosecutors had committed perjury. Its decision was predicated upon the findings that prosecutors "deliberately joined in an effort to harm and damage their fellow employe having authority over them, in his reputation and position;" that "some or all of them undertook to influence other employes to take similar action and make similar or comparable statements;" that "they failed to establish the charges made in their affidavits;" and, finally, that "the whole procedure shows that their conduct and attitude are not conducive to proper discipline and in the best interests of their employer, the city." This court granted *certiorari*.

Prosecutors set down twelve reasons in support of their contention that their conviction and resultant dismissal should be set aside. Ten are argued under three points; the remaining two are abandoned.

Reasons 1, 3 and 5, under point 2, concern the weight of the evidence, and reasons 6 and 7, under point 3, concern the refusal to grant the motion made for prosecutors to direct a verdict in their favor. As to these reasons, it suffices to

say, notwithstanding the fact that the proofs were found to be sufficient to support Johnson's conviction upon one of the charges preferred against him, that, if the affirmance of prosecutors' dismissal was not otherwise erroneous, the proofs afford a rational basis for the result reached. Reasons 2, 4, 8, 9 and 10, under point 1, concern the power, or lack of power of the Civil Service Commission in the premises. More specifically, the points are made and strongly urged that the affirmance by the Civil Service Commission is made to rest upon causes which neither appear in the charges preferred against prosecutors nor are embraced within the issues actually tried. And, therefore, it is urged that the Civil Service Commission was without jurisdiction; and, moreover, that the action of the Civil Service Commission was neither an affirmance nor a reversal of the determination under review but rather a modification thereof and thus in excess of the power vested in the Civil Service Commission. *Newark* v. *Civil Service Commission,* 115 *N. J. L.* 26; 177 *Atl. Rep.* 868.

Respondents, generally stated, deny that the action of the Civil Service Commission constitutes a modification of the determination under review. The determination it is said, is an affirmance of the determination below; and, save as to wording, the respective determinations are substantially alike, and are well within the charges preferred and issues actually tried. Which is right? For the answer we recur to the statutory procedure regulating the removal of those who, as prosecutors, hold positions in the competitive classified civil service.

1. Briefly stated, under *Rev. Stat.* 11:22-38, prosecutors could not have been removed until they had been furnished with a written statement of the reasons for such action by the appointing authority and allowed a reasonable time to make answer thereto. The statement or reasons and answers thereto, with the action of the appointing authority, must then forthwith be furnished to the Civil Service Commission and entered upon its records; they must also be entered in the records of the department in which the removed person was employed, &c. *Rev. Stat.* 11:22-39 provides for a hearing and determination by the Civil Service Commission.

As we have already observed, the only statement or reasons furnished prosecutors was the one in which they were notified of their suspension. For all that appears in the record as submitted, none of the other statutory provisions was complied with. At all events, it is on this record, as to the pleadings, that both the city manager and the Civil Service Commission reached their respective conclusions.

Assuming, but not deciding, that the notice of prosecutors' suspension was a sufficient compliance with the statute requiring the furnishing of a written statement of the reasons for the action of the appointing authority, it is clear that this statement merely charged prosecutors with having admitted in their affidavits of charges against Johnson that they "knowingly received and accepted * * * pay in excess of that due * * * without having called * * * attention to such excess or without having offered to return it to the city." Upon this charge prosecutors were convicted of "having maliciously, with premeditation falsely sworn against" their foreman, Johnson. Clearly, such a finding was beyond the scope of the allegations in the charges proffered against them and not embraced within the issues actually tried. The *allegata* and *probata* must correspond. That principle is rudimentary. *Cf. Harris* v. *State,* 58 *N. J. L.* 436, 438; 33 *Atl. Rep.* 844; *State* v. *Riley,* 65 *N. J. L.* 624, 625; 48 *Atl. Rep.* 536.

2. When prosecutors properly invoked the provisions of *Rev. Stat.* 11:22-39, it became the settled duty of the Civil Service Commission to make an independent investigation, to hold a hearing and to determine the case on the merits upon evidence presented. *County of Essex* v. *Civil Service Commission,* 98 *N. J. L.* 671; 121 *Atl. Rep.* 695. *Cf. Newark* v. *Civil Service Commission,* 114 *N. J. L.* 406, 411; 177 *Atl. Rep.* 121. But that hearing and determination of necessity has to be on the pleadings which were entered upon its records in pursuance of *Rev. Stat.* 11:22-38. We assume that the notices of suspension and orders of removal were before the Civil Service Commission. Upon these pleadings the Civil Service Commission refused, and we think rightly so, to adjudge prosecutors guilty of perjury. They were

neither charged with or tried for perjury. Instead it adjudged them guilty of conspiracy to harm their foreman in his reputation and position, of influencing other employes to do likewise, of failing to establish the charges made, and of conduct subversive to the best interests of their employer, the city. But obviously here again this adjudication does not conform to the allegations contained in the charges nor to the issues tried.

We therefore find it unnecessary to, and do not, intimate any opinion as to whether the determination of the Civil Service Commission was an affirmance or a modification of the determination below. For, in either event, the commission's determination was, as was also the determination below, beyond the scope of the allegations contained in the charges or of the issues actually tried. The determination under review is fatally defective.

Accordingly, prosecutors' dismissal will be set aside. No costs are allowed.