STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GEORGE R. JACQUES, DEFENDANT-APPELLANT.

Argued September 10, 1968—Decided October 7, 1968.

482

*Mr. Collin M. Dillon* argued the cause for defendant-appellant.

*Mr. Arthur J. Timins,* Assistant Prosecutor of Union County, argued the cause for plaintiff-respondent (*Mr. Leo Kaplowitz,* Union County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. The judgment is affirmed essentially for the reasons given by the Appellate Division.

With respect to the increase in sentence, we emphasize that here the defendant was retried and convicted for the same offense after his first conviction, also upon a jury verdict, had been reversed for trial error. Between the first and second sentences he was convicted of at least one other crime in a different county, as to which he was awaiting sentence. All of this appeared in the pre-sentence report in the hands of the judge when he pronounced the increased sentence. The situation is strikingly distinctive from that in *State v. Wolf,* 46 *N. J.* 301 (1966), as the reasoning in that opinion shows. There we held that in a first degree murder case in which the first jury had recommended life imprisonment, the death penalty could not be imposed by the jury on a retrial following a reversal of the conviction. It should also be noted that we placed that result on non-constitutional grounds and we do not conceive that the instant case presents a constitutional question either.

██ We agree with the Appellate Division that in the situation here, the second sentencing judge could properly increase the sentence by reason of the intervening conviction. We further feel that, when an increase is permissible, the

judge should state on the record at the time of sentence the subsequent facts which in his judgment warrant the increase, for the information of the defendant and any reviewing court. See *State v. Leonard*, 39 *Wis.* 2d 461, 159 *N. W.* 2d 577 (1968); *Marano v. United States*, 374 *F.* 2d 583, 585 (*1st Cir.* 1967). Our examination of the transcript of the sentencing discloses this to have been sufficiently done.
Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 6.

*For reversal* — None.