149 N.J. Super. 264 (1977)
373 A.2d 703
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
EDWARD J. LOUGHREY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1977.
Decided April 25, 1977.
*265 Before Judges HALPERN, ALLCORN and BOTTER.
*266 Mr. William F. Bolan, Jr., Deputy Attorney General, argued the cause for appellant (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
Mr. Anthony L. Bongioanni argued the cause for respondent.
The opinion of the court was delivered by BOTTER, J.A.D.
The State appeals from an order dismissing the indictment insofar as it applies to defendant Loughrey on the ground that his prosecution is barred by the statute of limitations. For the offense charged N.J.S.A. 2A:159-2 provides that the indictment "shall be found within five years from the time of committing the offense * * *." The State contends that defendant can be prosecuted for a crime which was completed within five years of the date of the indictment although more than five years have passed since defendant's alleged role was performed.
The indictment was returned by the state grand jury on December 17, 1975. It contained 19 counts charging four individuals with fraud in obtaining Medicaid funds in connection with the operation of three nursing homes, each held by a separate corporation. Loughrey was charged only in counts 1, 7 and 13. Each of these counts charged defendant and others with wilfully filing false cost studies with the New Jersey Division of Medical Assistance and Health Services for the purpose of computing the reimbursement rate for each nursing home for the calendar year ending December 31, 1970. As a result of the false cost studies it is alleged that each corporation operating a nursing home "did attempt to receive and did receive medical assistance payments in a greater amount than to which it was entitled; contrary to the provisions of N.J.S. 30:4D-17, N.J.S. 2A:85-5 [making attempts to commit an indictable offense a misdemeanor], and N.J.S. 2A:85-14 [providing that any person who aids or abets another to commit a crime is punishable as a principal] * * *."
*267 N.J.S.A. 30:4D-17 makes it a misdemeanor "for any provider to willfully receive medical assistance payments to which he is not entitled, or in a greater amount than to which he is entitled, or to falsify any report required under this act." A provider is defined in N.J.S.A. 30:4D-3(e) as any person, institution or business concern which provides medical care and services under the New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 et seq.
Since the motion to dismiss was made before trial (see R. 3:10-1 and 2), we have a limited record of the facts. It appears that defendant prepared a cost study in December 1969 for each corporation, about six years before being indicted. However the State contends that in January 1971 each corporation received payments computed upon a per diem rate established on the basis of those cost studies. The State's brief makes it clear that it does not seek to try defendant simply for having prepared a false report or for aiding and abetting the nursing home corporations in attempting to receive improper medical assistance payments by conduct which was completed more than five years before the indictment. The State seeks to try defendant for aiding and abetting three corporations in the unlawful receipt of public funds induced by a false cost study. N.J.S.A. 30:4D-17 makes the receipt of excessive payments a crime. Since the crime was allegedly committed by the provider within the five-year period, we conclude that the statute of limitations does not preclude prosecution of defendant for aiding and abetting the commission of that crime although his role was completed more than five years before the date of the indictment.
In New Jersey one who aids and abets the commission of a crime "is punishable as a principal." N.J.S.A. 2A:85-14. For purposes of indictment and punishment there is no distinction between a principal and an accomplice or aider and abettor. State v. Western Union Telegraph Co., 12 N.J. 468, 495 (1953), app. dism. 346 U.S. 869, 74 S.Ct. *268 124, 98 L.Ed. 379 (1953); State v. Cooper, 10 N.J. 532, 568 (1952). As stated in State v. Cooper, supra, all who conspire to commit a crime and participate in some way in its commission are joint principals, as culpable as the person who actually commits the crime, and may be indicted as principals and not as accessories or aiders and abettors. See also, State v. Morales, 111 N.J. Super. 521, 524-526 (App. Div. 1970), certif. den. 57 N.J. 433 (1971).
The statute of limitations does not bar prosecution of a principal for unlawfully receiving public funds when the money is received within the statute of limitations although the wrongful conduct which induced the payment occurred beyond the statutory period. See State v. Riley, 65 N.J.L. 192 (Sup. Ct. 1900), rev'd on other grounds, 65 N.J.L. 624 (E. & A. 1901) (prosecution for obtaining money by false pretenses was held not barred where the money was received within the statutory period although the misrepresentations were made beyond that period); United States v. Provenzano, 334 F.2d 678, 685 (3 Cir.1964), cert. den. 379, U.S. 947, 85 S.Ct. 440, 13 L.Ed. 2d 544 (1964) (prosecution not barred where extortionate conduct was committed beyond the period of limitations but the payments were received within the period).
Here it is alleged that a false cost study prepared by defendant for use in 1970 was an active factor in obtaining payment in 1971 for services rendered in 1970. Although the study was completed in 1969, it may be said its contemplated effect carried beyond December 31, 1970, which was within the period of limitations. Since the primary principal could be prosecuted for the receipt of such funds, all who participated in the scheme can also be prosecuted as principals. Hence, we conclude that the statute of limitations does not bar prosecution of defendant any more than it is a bar as to the person who actually received the unlawful payments.
Defendant raises a point not addressed below since it pertains to the result in the trial of codefendants which took *269 place after the indictment was dismissed as to defendant Loughrey. Defendant contends that the acquittal of codefendants on the three counts in which defendant is accused bars his further prosecution. The argument is that an aider and abettor cannot be tried for the commission of a crime of which the principal has been acquitted. In this sense defendant terms the individual codefendants as the principals because the corporate operators of the nursing homes were not indicted. However, the issue was not before the trial court. Accordingly it is not properly before us on this appeal and we will not pass upon it.
We reverse the order below, reinstate the indictment and remand the case to the trial court to be processed for trial.