205 N.J. Super. 385 (1985)
501 A.2d 159
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT HAKIM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1985.
Decided November 18, 1985.
*386 Before Judges GAULKIN and STERN.
Robert D. Zatorski argued the cause on behalf of appellant (Cohn & Lifland, attorneys).
Arthur S. Safir, Deputy Attorney General, argued the cause on behalf of respondent (Irwin I. Kimmelman, Attorney General, attorney).
The opinion of the court was delivered by STERN, J.S.C. (temporarily assigned).
Defendant was indicted for second degree aggravated arson in violation of N.J.S.A. 2C:17-1a. At the end of the case, and following denial of defendant's motion for judgment of acquittal, the trial judge indicated without request that he would submit the case to the jury on the basis of "accomplice" liability. He did so over defendant's strong objection. In his charge the judge explained to the jury that defendant could not be convicted as a principal but could be found guilty only if the State proved, beyond a reasonable doubt, either second degree aggravated arson or third degree arson, see N.J.S.A. 2C:17-1b (a lesser included offense, N.J.S.A. 2C:1-8d), and the requisite purpose to facilitate the commission of the crime. See N.J.S.A. *387 2C:2-6. The court carefully explained the distinction between second and third degree arson and indicated that defendant could be convicted of either offense if the State proved, beyond a reasonable doubt, the elements of the offense and the requisite purpose to act as an accomplice in furtherance of its commission.[1]
Defendant was convicted of third degree arson and was sentenced to five years probation conditioned upon performance of 300 hours of community service and payment of restitution, *388 a $5,000 fine and $25 penalty. On this appeal, he contends that the conviction must be vacated because he was not indicted or given notice that he was to be tried as an accomplice and that, in any event, the proofs did not warrant a charge on accomplice liability or his conviction as an accomplice. He also contends that the trial court erroneously denied his motion for a new trial.
We reject defendant's contention that an indictment must allege accomplice liability as a prerequisite to trial and consideration of liability on that basis. We hold that the Code of Criminal Justice continued pre-Code law to the effect that accomplice liability need not be alleged in the indictment. See e.g., State v. Western Union Telegraph Co., 12 N.J. 468, 495 (1953), app. dism. 346 U.S. 869, 74 S.Ct. 124, 98 L.Ed. 379 (1953); State v. Cooper, 10 N.J. 532, 568 (1952); State v. Loughrey, 149 N.J. Super. 264, 268 (App.Div. 1977); State v. Jacques, 99 N.J. Super. 230, 235-236 (App.Div. 1968), aff'd 52 N.J. 481 (1968). See also N.J.S.A. 2C:1-1e, :1-8d, e, :2-6; II New Jersey Penal Code: Final Report of the New Jersey Criminal Law Revision Commission 56 (1971).
We further hold that where the evidence indicates a rational basis for accomplice liability, the judge can charge the jury on that basis even though the indictment does not expressly allege a violation of N.J.S.A. 2C:2-6. We agree with defendant, however, that the proofs must warrant presentation of the case to the jury on accomplice liability. See N.J.S.A. 2C:1-8e[2]; *389 State v. Jacques, supra. Where the facts warrant such an instruction, the court may give it even without request of either party. See State v. Powell, 84 N.J. 305, 318 (1980); compare State v. Choice, 98 N.J. 295, 298-299 (1985). Of course, the position of the parties should be considered, cf. State v. Choice, supra at 298-301, and here the prosecutor had no objection. Moreover, the court should indicate its intention to so charge, with or without request, before summations, as the judge did here. Cf. R. 1:8-7. In this way the parties can prepare to comment on the issue of accomplice liability during summations.
Our review of the record satisfies us that there were sufficient inferences of accomplice liability to justify the instruction given and that there was no unfair lack of notice to defendant. See State v. Talley, 94 N.J. 385, 391-394 (1983); State v. Saulnier, 63 N.J. 199, 208-209 (1973).[3] This is particularly true in light of the testimony concerning defendant's inquiry to Mr. Piccoli regarding whether he could find someone to "torch the building" for 5% of the insurance proceeds, the timing of payment of premiums and amounts of coverage, the financial condition of defendant's business on the premises, the limited access to the basement door which was unlocked and a statement attributed to defendant that he was "going out of business."
Accordingly, we believe that the charge was proper and that the motion for new trial was properly denied, substantially for the reasons expressed by Judge Lechner.
The judgment of conviction is affirmed.
NOTES
[1] The charge, in part, was as follows:

As I indicated to you, with regard to the accomplice charge, the charge of being liable for another person's conduct, there are two main elements the State must prove beyond a reasonable doubt in order to establish the liability of Mr. Hakim for the conduct of another person. The first of these elements I just described to you in describing the elements of the crime of aggravated arson and the crime of arson. The second of these major elements for proving a liability of Mr. Hakim for the conduct of another is that the State must prove beyond a reasonable doubt that Mr. Hakim was legally accountable for the conduct of this other person.
Now, a person is legally accountable for the conduct of another person if he is an accomplice of such other person in the commission of a crime. With regard to this [the] State has the burden of proving beyond a reasonable doubt that [an] other person committed the crime of either aggravated arson or arson and, two, that Albert Hakim was the accomplice of this other person.
A person is an accomplice of another person in the commission of a crime when, with a purpose of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime or aids or agrees or attempts to aid such other person in the planning or committing the crime.
Therefore, the State must prove beyond a reasonable doubt that another person committed the crime of either aggravated arson or arson, that the defendant Albert Hakim acted purposely to promote, advance or facilitate the crime of either aggravated arson or arson, and that the defendant either solicited another person to commit either the crime of aggravated arson or arson or aided efforts of another or attempted to aid the efforts of another to cause a commission of the crime.
* * * * * * * *
However, one cannot be held to be an accomplice unless you find as a fact beyond a reasonable doubt that he possessed the same criminal state of mind, purposefulness, that is required to be proven against the person who actually committed the crime.
[2] See also N.J.S.A. 2C:2-6 which expressly provides that "A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both." N.J.S.A. 2C:2-6a. "A person is legally accountable for the conduct of another person" when he is an accomplice of the other. N.J.S.A. 2C:2-6b(3), c. We limit our holding to "accomplice" liability in light of the issues raised on this appeal. Note commentary to § 2C:2-6, as then drafted, Final Report, supra, at 55-63.
[3] After ruling that he would charge on accomplice liability, the court gave defendant the opportunity to reopen and to testify on his own behalf.