**UNITED STATES of America**

v.

**Joseph T. BETHEA et al.**

**Appeal of Thomas Lee YOUNG.**

**Nos. 17549, 17714.**

United States Court of Appeals, Third Circuit.

Argued July 14, 1971.

Decided Aug. 5, 1971.

———◆———

William E. Logan, Logan & Logan, Englewood, N. J., for Thomas Lee Young.

David S. Cramp, Schenck, Price, Smith & King, Morristown, N. J., for Joseph T. Bethea.

Joseph M. Epstein, Asst. U. S. Atty. (Herbert J. Stern, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

These are appeals from judgments of conviction following jury verdicts finding each of the two appellants guilty of armed bank robbery. The third participant, indicted with them, pled guilty and testified on behalf of the United States against appellants.

■ One of the appellants claims he was denied a fair trial because he was not tried separately. He did not make a clear showing in support of his motion that if he called the other appellant as a witness at a separate trial he would take the stand and give testimony tending to exculpate him of the bank robbery charge. The district court did not abuse its discretion in denying the motion for severance under Rule 14 of the Federal Rules of Criminal Procedure (Opper v. United States, 348 U.S. 84, 94–95, 75 S. Ct. 158, 99 L.Ed. 101 (1954); United States v. Barrow, 363 F.2d 62 (C.A. 3, 1966), cert. denied, 385 U.S. 1001, 87 S. Ct. 703, 17 L.Ed.2d 541; United States v. Kahn, 381 F.2d 824, 841 (C.A. 7, 1967); Gorin v. United States, 313 F.2d 641, 645–646 (C.A. 1, 1963), cert. denied, 374 U.S. 829, 83 S.Ct. 1870, 10 L. Ed.2d 1052), and adequately charged the jury to consider the physical evidence separately as it related to each of the appellants.

■ ■ Appellants complain that the trial court erroneously admitted into evidence items seized through an allegedly illegal search, not in the presence of one of the appellants, of an apartment, occupied by the other appellant and his wife, and a nearby alleyway, and also of an automobile owned by one of the appellants. They do not contend that they were illegally arrested but claim that the items seized were beyond the area of permissible searches incident to arrest. The arrests here predated the decision in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), a case considerably narrowing the permissible scope of searches incident to arrest. But *"Chimel* is not retroactive and is not applicable to searches conducted prior to the decision in that case." Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). The seizures of the items in or near the apartment were valid. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Warden v. Hayden, 387 U.S. 294, 298–300, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). Also see discussion in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Regarding the items taken from the automobile, they were seized pursuant to a valid search warrant. The affidavit accompanying it stated, inter alia, "An eyewitness at the place where the abandoned automobile was located told the police officer that three negroes left the get-away car and *entered* a grey *1955* Cadillac, New Jersey Registration MPA 895." (Emphasis supplied.)[1] At trial appellants' counsel learned for the first time that the eyewitness did not see the three negroes enter the gray Cadillac, that he did not know the year of that car, and that he did not get the entire serial number of its license plate, but could only recall seeing an "8" as one of the numbers. In other words, the men's entrance into the gray Cadillac which the affiant saw backing out of Clifton Terrace so swiftly that it seemed as though the tires were burning, justified the inference that they were the same people who had suddenly stopped the red Chevrolet (the get-away car), jumped out of it leaving the doors open and the engine running, and went in the direction of Clifton Terrace.

It is apparent that, while the affidavit containing the full registration number, New Jersey No. MPA 895, was not in complete conformity with the eyewit-

---

1. A pre-trial motion to suppress the evidence of these items was denied at a hearing before another district judge.

**32**

ness's statement of only recognizing the number "8", there was sufficient information contained in the search warrant for its proper issuance and the articles found in the Cadillac car were properly admitted into evidence. Furthermore, if the affidavit, to a small degree, enlarged the two numbers on the registration license, this should be construed as harmless error for a review of the case as a whole compels the conclusion that it was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 21–22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966). The testimony of the third participant who pled guilty, the corroborating testimony of the bank employees and of the law enforcement agents leave no doubt of this appellant's guilt.

The judgments of conviction will be affirmed.