138 N.J. Super. 225 (1975)
350 A.2d 492
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDGARDO MORALES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1975.
Decided December 22, 1975.
*227 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Miles Feinstein argued the cause for appellant.
Mr. Gary H. Schlyen, Assistant Prosecutor, argued the cause for respondent (Mr. Burrell Ives Humphreys, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Edgardo Morales and Walter Pitkewicz were indicted by the grand jury of Passaic County for conspiring to violate the lottery laws of this State, in violation of N.J.S.A. 2A:98-1 and 2A:98-2. In separate two-count indictments they were also charged with possessing lottery "papers, documents, slips and memoranda," in violation *228 of N.J.S.A. 2A:121-3, and with working for a lottery or lottery policy business, in violation of N.J.S.A. 2A:121-3.
A jury found them guilty as charged and both appealed.[1]
On his appeal, defendant Morales urges a number of grounds for reversal, the first of which, contrary to R. 2:6-2(e), incorporates two points under one heading, namely, that the trial judge erred in denying his motion for a judgment of acquittal and that the verdict of the jury was against the weight of the evidence.
[The court here reviewed the proof and concluded that acquittal was properly denied and that the verdict was not against the weight of the evidence.]
Defendant contends further that the trial judge erred in (1) not allowing his counsel to call Pitkewicz to the witness stand in the presence of the jury; (2) not allowing his counsel to comment on the fact that Pitkewicz would not testify in behalf of Morales, and (3) in not granting a severance so that the two could be tried separately. We perceive no error in any of these respects.
When the trial commenced, but before the selection of the jury, counsel for Morales made known to the court his intention to call the codefendant as a witness, intimating that his testimony would be "exculpatory to Mr. Morales." When Pitkewicz's attorney stated that his client would avail himself of his constitutional right not to incriminate himself, counsel for Morales responded, "If he takes the Fifth Amendment, then the jury is going to see the comparison, because I'm going to follow by putting Mr. Morales on the stand, and he's going to testify, and there's no problem with him testifying." He added that he would ask the court to compel the witness to testify, and that if the court ruled he had no right to call the witness to the stand, he would ask *229 that a severance be granted Morales. The severance was denied.
Later, outside the presence of the jury, Pitkewicz was called as a witness in behalf of Morales. Except to give his residence, he refused to answer any other questions "[u]nder the Fifth Amendment," and when asked by the trial judge whether he would answer any questions "with respect to your knowledge of Mr. Morales," he said he would not. The trial judge rejected counsel's request that the witness be compelled to answer and he also refused to require Pitkewicz to assert his privilege against self-incrimination before the jury.
We should emphasize at the outset that the conduct of the voir dire here, the purpose of which was to determine whether Pitkewicz's testimony would be self-incriminating, aside from being unproductive, was wholly inappropriate. A defendant who is on trial in a criminal case cannot be compelled to testify "for the State or for a co-defendant or even in his own behalf." State v. Edelman, 19 N.J. Super. 350, 357 (App. Div. 1952). See State v. Browning, 19 N.J. 424, 427 (1955). This was not a situation where a witness, other than a defendant on trial, may be required to take the stand before the jury under oath or affirmation, and, when confronted with specific questions, either answer them or demonstrate a basis for not doing so grounded in a claim of self-incrimination. See State v. Jennings, 126 N.J. Super. 70, 78 (App. Div. 1972), certif. den. 60 N.J. 512 (1972).
The issue before the trial judge was not whether, on the facts here present, Morales was entitled to call his codefendant as a witness before the jury  he clearly was not  but whether, not being able to do so, his motion for a severance should have been granted. We observe, initially, that the denial of such motion is a matter that is vested in the sound discretion of the trial judge, the exercise of which, absent a showing of prejudice, will not be disturbed. Cf. State v. Belton, 60 N.J. 103, 107 (1972).
*230 Defendant's claim of prejudice is not clearly articulated. There was only a passing reference at trial to the anticipated exculpatory testimony by Pitkewicz, the nature of which is not otherwise disclosed. It has been held that where a defendant's case rests upon the exculpatory testimony of a codefendant who is fearful of prejudicing his own defense if he takes the stand, a separate trial should be ordered. Frequently cited for this proposition is United States v. Echeles, 352 F.2d 892, 897 (7 Cir.1965). See also, United States v. Martinez, 486 F.2d 15, 23 (5 Cir.1973); United States v. Shuford, 454 F.2d 772, 776 (4 Cir.1971). But there should be some showing that the testimony of the codefendant will be forthcoming before the denial of the motion for severance will be found to be an abuse of discretion. United States v. Bumatay, 480 F.2d 1012, 1013 (9 Cir.1973). As a matter of common sense, however, "[i]t is difficult to conceive of a situation in which any accused would be willing to testify at such separate trial but not at a joint one." State v. Manney, 26 N.J. 362, 369 (1958); cf. State v. Boiardo, 111 N.J. Super. 219, at 234. In any case, it has not been demonstrated here that if Pitkewicz were called as a witness at a separate trial, he would be willing to give testimony tending to exculpate Morales. See United States v. Bethea, 446 F.2d 30, 31 (3 Cir.1971), cert. den. 404 U.S. 1003, 92 S.Ct. 572, 30 L.Ed.2d 556 (1971); Tillman v. United States, 406 F.2d 930, 936 (5 Cir.1969). No such assurance was given by Pitkewicz. Cf. United States v. Braasch, 505 F. 2d 139, 150 (7 Cir.1974), cert. den. 421 U.S. 910, 95 S.Ct. 1562, 43 L.Ed.2d 775 (1975).
It is evident that defendant's true purpose was to exhibit Pitkewicz to the jury, knowing that the witness would refuse to testify, following which he would take the stand in his own behalf. His openness, in contrast to his codefendant's silence, would hopefully persuade the jury of his innocence. We point out, however, beyond what we have already said, that in no circumstances would his counsel have been permitted to comment to the jury on the codefendant's *231 refusal to testify. See Coleman v. United States, 137 U.S. App. D.C. 48, 420 F.2d 616, 625 (D.C. Cir.1969). Defendant's right to a fair trial would have been fully protected in this regard by a comment at length in closing argument upon his own willingness to testify, without any reference to the codefendant's failure to do so. See United States v. Addonizio, 451 F.2d 49, 63 (3 Cir.1971). cert. den. 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972), reh. den. 405 U.S. 1048, 92 S.Ct. 1309, 31 L.Ed.2d 591 (1972). Moreover, if the severance was sought for that purpose, the short answer is that a separate trial should not be allowed merely because it would offer defendant a better chance of acquittal. Cf. United States v. Isaacs, 493 F.2d 1124, 1160 (7 Cir.1973), cert. den. 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974); United States v. Blue, 440 F.2d 300, 362 (7 Cir.1971), cert. den. 404 U.S. 836, 92 S.Ct. 123, 30 L.Ed.2d 68 (1971).
Defendant raises a number of additional points which can be dealt with quickly. He asserts that the trial court erred by refusing to permit the disclosure of the identity of a confidential informant. He argues that the successful defense of his client rested upon his ability to attack the credibility of a State's witness and he could not do so without knowing the identity of the informant and what the informant may have said to the witness concerning him. The trial judge's refusal of the demand was correct. Defendant made no showing of any facts which would have entitled him to the disclosure. See Rovario v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Oliver, 50 N.J. 39 (1967); State v. Infante, 116 N.J. Super. 252 (App. Div. 1971).
Equally without merit is the further contention that the trial judge erroneously refused to interrogate individually the remaining jurors concerning possible prejudice after a prospective juror made a remark, during the selection voir dire, indicating a leaning in favor of police. (The juror was excused by the court.) Aside from the fact that procedure *232 of this nature rests within the sound discretion of the trial judge, we are convinced that the court's ruling was not of such a nature as to have been clearly capable of producing an unjust result. R. 2:10-2.
Defendant complains of prejudice because of an allegedly inflammatory remark by the assistant prosecutor during his opening statement. There was a prompt objection, which the trial judge sustained, and the assistant prosecutor was admonished to confine himself to what the State intended to prove. We do not believe that the incident was of such magnitude as to have jeopardized defendant's right to a fair trial. Although defendant refers to other alleged "improprieties" on the part of the assistant prosecutor, our careful review of the record satisfies us that none warrants a reversal and remand for a new trial. We wish, however, to express our strong disapproval of remarks made to the court by the assistant prosecutor during the trial which were impertinent and bordered on rudeness. Such conduct cannot be tolerated.
Finally, defendant assails his sentence as being an abuse of discretion because it was "imposed in accordance with a policy of custodial sentences for those individuals convicted of gambling offenses for the first time." The judgment of conviction reveals that defendant received concurrent indeterminate sentences to the Youth Reception and Correction Center at Yardville. The assertion by defense counsel of a "practice in Passaic County of custodial sentences for gambling law violation" is wholly unsupported. It is defendant's burden to show clearly an abuse of discretion on the part of the sentencing judge. State v. Tyson, 43 N.J. 411, 417 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965). He has not done so here.
Affirmed.
NOTES
[1] Since the appeals were not consolidated, we have dealt with the one involving Walter Pitkewicz (Docket No. A-626-74) in a separate opinion.