**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1904-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDREW T. ALSTON, a/k/a
DEAN TYLER, CURTIS
LIVINGSTON, ANDREW T.
AUSTIN, TYRONE JONES,
TYRONE AUSTIN, and
TYRONE LIVINGSTON,

    Defendant-Appellant.

_____

Submitted March 11, 2020 – Decided April 6, 2020

Before Judges Fuentes, Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 17-04-0187 and 17-04-0189.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Timothy Denny, Assistant Deputy Public Defender, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (William Andrew Haumann, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Andrew T. Alston appeals from a December 8, 2017 order denying his motion for severance. He also appeals from the trial court's failure to consider mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12), during sentencing. We affirm the order denying the motion to sever but remand to the trial court for resentencing.

Under indictment 17-04-0187, defendant, along with four co-defendants, including Ronderrick Manuel, was charged with the following: first-degree felony murder; first-degree robbery; two counts of second-degree possession of a weapon for an unlawful purpose; and second-degree unlawful possession of a weapon. Manuel was also charged under this indictment with two counts of first-degree murder. In a separate, unrelated indictment under 17-04-0189, defendant was charged with various drug-related offenses, second-degree handgun possession charges based on the certain persons statute, and second-degree possession of a handgun while committing a drug-related offense.

According to the State, the five defendants plotted to rob a specific individual. The planned robbery went awry and another person, not the target of the intended robbery, was shot and killed.

Defendant gave a recorded statement to police after the shooting. In his statement, defendant said he was in his apartment on the evening of the planned robbery. He was unable to tell the police who was in the apartment at that time, except to state "people" were coming in and out of the apartment. Co-defendants, not including Manuel, also gave statements to the police regarding the failed robbery. Co-defendants' statements inculpated defendant and Manuel in the crimes and identified Manuel as the shooter.

The State filed a motion to sever the trials of all defendants, except defendant and Manuel. Defendant filed a motion to sever his trial from all defendants, including Manuel.

The judge granted the State's motion, finding the statements of the three co-defendants could not be redacted effectively, requiring their trials to be separate from the trial of defendant and Manuel. The judge then denied defendant's motion to sever his trial from that of Manuel, determining that defendant's statement to the police did not violate his Confrontation Clause rights.

 A-1904-18T3

In reaching her decision, the judge reviewed defendant's recorded statement to the police and a written transcription of that statement. Based on her review, the judge concluded "there is no Bruton[1] issue posed by the admission of defendant Alston's statement . . . ." Because Manuel never gave a statement to the police, defendant was objecting to his own statement which did not raise a Bruton issue. The judge rejected defendant's argument that his own statement to the police regarding "people" coming through or being in the apartment on the night of the failed robbery was inferentially incriminating. She found "at no time during Alston's statement does he mention Manuel being involved, or even being one of the people at his apartment that night."

After denial of his motion to sever, defendant pleaded guilty to robbery under indictment 17-04-0187 and the certain persons charge under indictment 17-04-0189 in exchange for dismissal of the remaining counts in both indictments. The plea agreement contained the following handwritten notation: "Cooperation on Ind. #17-04-0187 including truthful statement/testimony at trial." As part of the plea colloquy, the State informed the judge that defendant

---

[1] Bruton v. United States, 391 U.S. 123 (1968) (holding the Sixth Amendment right to confront witnesses precluded a court from admitting into evidence at a joint trial a co-defendant's out-of-court statement implicating the defendant in the crime).

A-1904-18T3

"agreed to fully cooperate against any remaining co[-]defendants in Indictment 17-04-0187, including truthful testimony at trial, if necessary."  During the plea hearing, the judge reviewed with defendant the issue of cooperation.  She told defendant, "the State is recommending that in exchange for that recommendation, they're requiring that you cooperate . . . [a]nd cooperation would include giving truthful testimony at the trial of any co[-]defendants who did not resolve by way of a plea.  You understand that?"

The judge sentenced defendant in accordance with the plea agreement to sixteen years in prison for robbery, subject to an eighty-five percent parole disqualifier under the No Early Release Act, N.J.S.A. 2C:43-7.2, concurrent to a seven-year term of imprisonment with a five-year period of parole ineligibility on the certain persons charge.  The judge found aggravating factors three, six, and nine, N.J.S.A. 2C:44-1(a)(3), (6), and (9), and found no mitigating factors, N.J.S.A. 2C:44-1(b).  Mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12), cooperation with law enforcement, was not mentioned by defendant, his counsel, or the sentencing judge.

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED BY DENYING THE SEVERANCE MOTION AND ADMITTING THE

DEFENDANT'S UNREDACTED STATEMENT WHEREIN HE MAKES REFERENCES TO A NONTESTIFYING CO[-]DEFENDANT THEREBY VIOLATING HIS CONFRONTATION CLAUSE RIGHTS.

POINT II

THE SENTENCING COURT ERRED BY FAILING TO CONSIDER MITIGATING FACTOR 12, WILLINGNESS TO COOPERATE WITH LAW ENFORCEMENT, DESPITE IT BEING CLEARLY INDICATED BY THE RECORD.

The law governing a severance motion is clear. "Two or more defendants may be tried jointly 'if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.'" State v. Brown, 170 N.J. 138, 159-60 (2001) (quoting R. 3:7-7). Courts generally prefer to try co-defendants jointly, "particularly when 'much of the same evidence is needed to prosecute each defendant.'" Id. at 160 (quoting State v. Brown, 118 N.J. 595, 605 (1990)). "That preference is guided by a need for judicial efficiency, to accommodate witnesses and victims, to avoid inconsistent verdicts, and to facilitate a more accurate assessment of relative culpability." Ibid.

A single joint trial, however, may not take place at the expense of a defendant's right to a fair trial. State v. Sanchez, 143 N.J. 273, 290 (1996).

6

When considering a motion for severance, a trial court should "balance the potential prejudice to defendant's due process rights against the State's interest in judicial efficiency." Brown, 118 N.J. at 605 (quoting State v. Coleman, 46 N.J. 16, 24 (1965)). Trial courts apply a rigorous test for granting severance. Brown, 170 N.J. at 160. A mere claim of prejudice is insufficient to support a motion to sever. State v. Moore, 113 N.J. 239, 274 (1988). A defendant does not have the right to severance simply because he or she believes a separate trial "would offer defendant a better chance of acquittal." State v. Johnson, 274 N.J. Super. 137, 151 (App. Div. 1994) (quoting State v. Morales, 138 N.J. Super. 225, 231 (App. Div. 1975)).

Our review of a motion to sever is limited. The decision to sever rests within the trial court's discretion. State v. Weaver, 219 N.J. 131, 149 (2014). We defer to the trial court's decision on a severance motion unless it constitutes an abuse of discretion. Ibid.

Here, the statement to which defendant objected was his own statement to the police, not a statement by a non-testifying co-defendant that might trigger application of Bruton. Defendant never mentioned Manuel during his recorded statement and defendant may explain his statement at the time of trial if he so chooses. The potential risk of guilt by association exists in every joint trial and,

standing alone, did not justify severance in this case. See Brown, 170 N.J. at 162. Because Bruton is inapplicable, the trial judge did not abuse her discretion in denying defendant's motion to sever.

We next consider the judge's omission of mitigating factor twelve, "[t]he willingness of the defendant to cooperate with law enforcement authorities," N.J.S.A. 2C:44-1(b)(12), during sentencing. The State does not dispute that defendant agreed to cooperate with the prosecution as part of his plea agreement. The State concedes the judge did not address mitigating factor twelve during the sentencing hearing and that factor was not mentioned in the judgments of conviction.

Having reviewed the record, mitigating factor twelve is supported by defendant's plea agreement and should have been considered by the judge at defendant's sentencing. See State v. Dalziel, 182 N.J. 494, 505-06 (2005). As a result, we remand the matter to the trial court for resentencing. We take no position on the weight to be given by the trial court to mitigating factor twelve at the resentencing.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1904-18T3