**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3660-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TAHIR T. SUTTON,

     Defendant-Appellant.

_____

        Submitted December 2, 2021 – Decided December 10, 2021

        Before Judges Alvarez and Haas.

        On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 13-09-0422.

        Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

        James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tahir T. Sutton appeals from the January 21, 2020 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We set forth the following pertinent facts of this matter in our prior opinion on defendant's and co-defendant Dionte Powell's direct appeals of their convictions and sentences:

> In the early morning hours of March 15, 2013, two men wearing dark clothing, hoodies, masks, and gloves entered the employee breakroom of a convenience store gas station. Both were carrying handguns and one held a backpack. Once inside, the men encountered two employees and demanded money. The two men took approximately $1[,]000 from the employees and some cigarettes and cigar packages from the store shelves. As the men ran from the store, one of them dropped his gun and a piece of it broke off when it hit the floor. The man retrieved the gun, but left the broken piece behind.
>
> Approximately forty minutes later, a patrol officer using a radar device observed a car traveling over the speed limit. The officer activated his overhead lights and siren, but the driver of the car refused to stop. The officer pursued the vehicle until it crashed into a telephone pole. Four occupants got out of the car and all but one ran away. The officer was able to detain a female passenger. The officer saw that the rear window of the car was broken, there was a small sledgehammer on the backseat, and the ignition had been broken with a screwdriver. The officer also observed a backpack on the rear floor of the car.

A-3660-19

At the police station, the female passenger identified Powell as the driver of the car and Sutton as one of the passengers. She told the police that she called Powell to ask for a ride to her mother's house. Shortly after she got into the car, the police chase began.

The police located the registered owner of the car, who gave his written consent to a police search of the vehicle and all of its contents, including "[a]ny and all containers found therein." Inside the backpack, the police found two handguns, packages of cigars and cigarettes, two ski masks, and other clothing. One of the guns was broken and the piece found at the store fit the missing part of the gun. Sutton's thumb print was found on the exterior of the car. DNA found on one of the ski masks matched Sutton, and DNA on the other mask matched Powell. DNA on cigarette butts found in the car also matched Sutton.

The police set up a surveillance outside the female passenger's home. At approximately 6:00 a.m., the police saw Powell and Sutton walking down the street. Their physical characteristics and clothing matched the robbery suspects. The police arrested defendants. A search incident to that arrest disclosed that each defendant was carrying approximately $500.

[State v. Sutton, Nos. A-5597-14 and A-0414-15 (App. Div. Sep. 22, 2017) (slip op. at 1-3), certif. denied, 232 N.J. 394 (2018).]

Based on these facts, a Warren County grand jury charged defendant and

Powell with:

A-3660-19

second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:15-1(a)(1) (count one); second-degree burglary, N.J.S.A. 2C:18-2(b) (count two); first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count four); third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count five); third-degree theft of an automobile, N.J.S.A. 2C:20-3 (count six); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count eight); and fourth-degree obstructing administration of law or other governmental function, N.J.S.A. 2C:29-1 (count nine). The indictment also separately charged Powell with second-degree eluding, N.J.S.A. 2C:29-2(b) (count seven).

[Id. at 3-4.]

On the first day of trial, Powell's attorney made an oral application to sever the trial and try each defendant separately pursuant to Bruton v. United States, 391 U.S. 123 (1968) (holding the Sixth Amendment right to confront witnesses precluded a court from admitting into evidence a co-defendant's out-of-court statement implicating the defendant in the crime at a joint trial). Defendant's attorney joined in Powell's motion.

The law governing a severance motion is clear. "Two or more defendants may be tried jointly 'if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.'" State v. Brown, 170 N.J. 138, 159-60 (2001) (Brown I) (quoting

4

R. 3:7-7).  Courts generally prefer to try co-defendants jointly, "particularly when 'much of the same evidence is needed to prosecute each defendant.'"  Id. at 160 (quoting State v. Brown, 118 N.J. 595, 605 (1990) (Brown II)).  "That preference is guided by a need for judicial efficiency, to accommodate witnesses and victims, to avoid inconsistent verdicts, and to facilitate a more accurate assessment of relative culpability."  Ibid.

A single joint trial, however, may not take place at the expense of a defendant's right to a fair trial.  State v. Sanchez, 143 N.J. 273, 290 (1996).  When considering a motion for severance, a trial court should "balance the potential prejudice to defendant's due process rights against the State's interest in judicial efficiency."  Brown II, 118 N.J. at 605 (quoting State v. Coleman, 46 N.J. 16, 24 (1965)).  Trial courts apply a rigorous test for granting severance.  Brown I, 170 N.J. at 160.  A mere claim of prejudice is insufficient to support a motion to sever.  State v. Moore, 113 N.J. 239, 274 (1988).  A defendant does not have the right to severance simply because he or she believes a separate trial "would offer defendant a better chance of acquittal."  State v. Johnson, 274 N.J. Super. 137, 151 (App. Div. 1994) (quoting State v. Morales, 138 N.J. Super. 225, 231 (App. Div. 1975)).

A-3660-19

Here, Powell's attorney stated he discussed the case with defendant's counsel the day before and learned that defendant's attorney planned to concede in his opening statement that defendant had been in the car at some point prior to the robbery and subsequent pursuit. Powell's attorney argued that defendant's position conflicted with his client's defense that he had never been in the car and was not involved in either the robbery or the car chase. In response, defendant's attorney stated his defense strategy "could be" antagonistic to Powell's position. However, defendant's attorney also made clear defendant would not assert that Powell was involved in the robbery or present in the car.

After considering the parties' arguments, the trial judge denied defendants' severance motion. The judge concluded that Bruton did not apply because defendant had not made an out-of-court statement implicating Powell in any of the offenses. In addition, the judge found that defendant's and Powell's defenses were not "so antagonistic, mutually exclusive or irreconcilable as to require severance." Both defendants planned to argue they were not present during the robbery or the eluding incident that followed, and neither planned to implicate the other in any of the offenses.

Following the joint trial, the jury convicted defendant and Powell of the charges set forth in the indictment.  Sutton, (slip op. at 4).  The judge then sentenced defendant to an aggregate fifteen-year prison term.[1]  Id. at 5.

Defendant and Powell each appealed their convictions and sentences. Ibid.  We consolidated these appeals for purposes of issuing a single opinion. Id. at 1.  Neither defendant challenged the trial court's denial of their severance motion.  Id. at 5-7.  For the reasons set forth in our opinion, we affirmed defendant and Powell's convictions for counts one through six, reversed defendant's convictions under counts eight and nine and Powell's convictions for counts seven, eight, and nine, and remanded the matter to the trial court for correction of the judgments of conviction.  Id. at 7-14.  On the remand, the trial court granted the State's motion to dismiss counts eight and nine of the indictment against defendant.

Defendant filed a timely PCR petition.  In his brief, defendant argued that defendant's "[t]rial counsel [d]id not [e]ffectively [a]rgue for [s]everance" and his "[a]ppellate [c]ounsel was ineffective for [n]ot [r]aising this [s]everance [i]ssue on [a]ppeal."  Defendant asserted his trial attorney "did not cite any case law" in support of the motion and "did [not] explain in detail exactly how

---

[1]  The judge sentenced Powell to an eighteen-year term.  Id. at 4-5.

prejudicial a joint trial would be for [defendant]." Defendant also alleged his appellate attorney should have challenged the judge's denial of the motion "since there was a good pre-trial record devoted to this [issue]."

After conducting oral argument, Judge John H. Pursel rejected each of these contentions in an oral decision. The judge concluded defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

Judge Pursel found there was simply no legal basis for the Bruton severance motion because neither defendant nor Powell made an out-of-court statement implicating the other in any of the offenses, and their defenses were therefore not antagonistic or mutually exclusive. Thus, regardless of the length or comprehensiveness of defendant's trial attorney argument on the motion, he would not have succeeded.

For similar reasons, Judge Pursel ruled that defendant's appellate attorney properly exercised her discretion in choosing not to challenge the trial judge's denial of the severance motion in her appellate brief. The judge noted that the attorney was successful in securing the dismissal of two of the convictions and identifying mistakes in the judgments of conviction that needed to be corrected.

Therefore, the judge found that defendant's appellate counsel did not perform ineffectively in connection with defendant's appeal.[2]

On appeal, defendant raises the same contentions he unsuccessfully presented before Judge Pursel. He asserts:

> POINT I
>
> BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR PCR.
>
> (A) Legal Standards Governing Applications For [PCR].
>
> (B) Trial and Appellate Counsel were Ineffective For Failing to Appropriately Argue for a Severance of the Trial.
>
> POINT II
>
> IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.
>
> (A) Legal Standards Governing [PCR] Evidentiary Hearings.

---

[2] Powell also filed a PCR petition and argued his appellate attorney was ineffective because he did not challenge the denial of the severance motion. State v. Powell, Docket No. A-2163-19 (App. Div. Mar. 31, 2021) (slip op. at 10-11). The trial court denied the petition and another panel of this court affirmed that determination. Id. at 14-18.

(B)  In the Alternative, [defendant] is Entitled to an
Evidentiary Hearing.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief.  State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992).  To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision."  State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing.  R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).  We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion.  Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's

10

performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Where, as here, a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." State v. O'Neal, 190 N.J. 601, 619 (2007).

In addition, an appellate attorney is not ineffective for failing to raise every issue imaginable. State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007). Instead, appellate counsel is afforded the discretion to construct and present what he or she deems are the most effective arguments in support of the client's position. Ibid.

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially

for the reasons detailed at length in Judge Pursel's oral opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the trial and appellate attorneys' performances were not deficient, and defendant provided nothing more than bald assertions to the contrary.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] In his PCR petition, defendant asserted his "jury was tampered with" because "[p]eople in the hallways were asking jurors" whether defendant and Powell were guilty. Defendant also stated his trial attorney "failed to ask questions [he] instructed him to during trial that would have proven [his] innocence." Defendant did not repeat these allegations in the brief his assigned counsel filed prior to oral argument before Judge Pursel and the judge did not address these complaints in his oral decision. Defendant now asserts that the matter should be remanded to permit the judge to consider these contentions. We disagree. First, defendant waived these contentions by omitting them from his counseled brief. In any event, we considered defendant's argument about the alleged jury tampering in our opinion on defendant's direct appeal and concluded it lacked "sufficient merit . . . to warrant discussion in a written opinion." Sutton, (slip op. at 6-7). In addition, defendant's certification in support of his petition does not provide any details concerning the nature of the questions he presented to his attorney at the trial. Thus, defendant's argument on this point was unsupported by cognizable evidence and was a classic "bald assertion" that did not warrant consideration. Cummings, 321 N.J. Super. at 170.